Kleberg, Mobley, Lockett & Weil, Edmond J. Ford, Jr., Corpus Christi, for appellant.

Butler & Williams, James Williams, Robstown, for appellee.

## THOMPSON v. A. J. TEBBE & SONS CO.
### No. 4798.

Court of Civil Appeals of Texas. El Paso.

June 13, 1951.

McGILL, Justice.

This appeal from the 94th Judicial District Court of Nueces County is a companion case to Thompson, Trustee for International Great Northern Railroad Company v. A. J. Tebbe & Sons Company, Tex.Civ.App., 241 S.W.2d 627.

In the trial court plaintiff cast his petition in cause No. 41119–c in three counts. In count I he sought to recover for damage to 510 50½ pound bags of onions alleged to have been loaded in car SFRD 7301 at Robstown, Texas, on May 9, 1947, and contracted by defendant to be transported to Little Rock, Arkansas, and later diverted to Oklahoma City, Okla., Kansas City, Mo., and Detroit, Mich., where they were sold. The amount of damages claimed on this shipment was $195.70. In count II he sought to recover for damages to 800 25 pound crates of radishes loaded in car SFRD 38845 at Robstown, Texas, on November 23, 1946, and contracted to be transported to St. Louis, Mo., and thereafter diverted to Boston, Mass., where they were sold. The damages he sought to recover on this shipment were $476.10. In count III he alleged a shipment of 510 50½ pound bags of onions loaded in car NRC 13119, at Robstown, Texas, on May 8, 1947, and contracted to be transported to Little Rock, Ark., and thereafter diverted

to Tulsa, Okla., Kansas City, Mo., and Chicago, Ill., where they were sold. The damages sought in this count were $552.05.

Trial was to the court without a jury. The judgment reveals that after the court had heard and considered the pleadings, evidence and argument as to count I, due to other litigation the court was unable to hear the evidence or argument as to counts II and III, and thereupon ordered "that count I be severed from counts II and III, which latter counts shall be docketed as a separate cause under the same style, but numbered 41119½–C." The court then proceeded to render judgment as to damages suffered by plaintiff on the shipment of May 9, 1947, car SFRD 7301, for the sum of $195.70, with interest from May 20, 1947, at 6% per annum in the amount of $39.14.

■ Although the point has not been raised by either party, we have entertained some doubt as to our jurisdiction of this appeal. However, after considerable investigation we have concluded that we do have jurisdiction. Our doubt as to jurisdiction arises from the action of the trial court in ordering that count I be severed from counts II and III, and docketing counts II and III as a separate cause, and then proceeding to render judgment for $195.70 on count I. That the court had power to order such severance and separate trial there can be no doubt. Rule 174(b), Texas R.C.P. This having been done, the question which has given us some concern is whether the court retained power to render judgment on count I in which plaintiff alleged damages of only $195.70. The Constitution of this State, Art. 5, Section 8, Vernon's Ann.St., vests in District Courts original jurisdiction "of all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest." Count I, in which damages for less than the Constitutional jurisdictional requirement is claimed, if standing alone in a petition could not have been maintained in the District Court. However, plaintiff's petition also included counts II and III and the

damages claimed in the three counts aggregated an amount well within the jurisdiction of the District Court. By the order of severance the court in effect left count I standing alone for disposition. Did the District Court thereby divest itself of jurisdiction to render judgment on count I? After mature consideration, we think not. We think the rule enunciated by Supreme Court in Ablowich v. Greenville Natl. Bank on rehearing, 95 Tex. 429 at page 433, 67 S.W. 881, 882, and followed in Nashville, C. & St. L. Ry. Co. v. Grayson County Natl. Bank, 100 Tex. 17, 93 S.W. 431, is applicable and controlling here. That rule is: "When a suit has been filed in the district court for a sum exceeding $500, but upon the trial it is reduced to a sum below the jurisdiction of the court, it has been uniformly held that the jurisdiction of the court is determined by the amount which was claimed in the petition, and will not be lost by the fact that the amount is reduced upon the trial." There was no attack on the jurisdiction on the ground that the allegations of the petition were fraudulently made for the purpose of acquiring jurisdiction. We therefore proceed to consider the appeal on its merits.

■ In this case, as in the companion case referred to, the court found that the reasonable, fair, cash market value of the onions in question had the car been properly transported and carried and promptly delivered upon arrival in Detroit, would have been $1,072.50, and that the actual fair cash market value of the onions in said car in their damaged condition upon arrival in Detroit was $876.80. The difference between these sums is the basis for the judgment rendered. Appellant's third group of points attacks the court's finding of fair, cash market value of this carload of onions in the condition and on the date on which they actually arrived. The only evidence referred to by appellee in his brief as supporting this finding is the account of sales showing the amount obtained for the shipment in question, which is the exact amount found by the court as the actual fair cash market value. As we have held in the companion case

referred to, the account of sales is incompetent to establish the reasonable, fair, cash market value of this shipment in the condition in which it arrived and on the date on which it arrived. Here, as in that case, these findings are the sole basis for the judgment rendered and for the reasons stated in our opinion in the companion case, this judgment is reversed and the cause remanded for another trial.

We think it proper to add for the guidance of the trial court that in our opinion the testimony of Mr. White was incompetent to show the condition of the onions at origin, and insufficient to support the court's finding that at the time of delivery of the onions by plaintiff to defendant at Robstown they were in good, sound and marketable condition.

Reversed and remanded.