## ASSOCIATED GROWERS v. SMITH.
### No. 12377.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 21, 1951.

Ward & Brown, Corpus Christi, for appellant.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellee.

PER CURIAM.

This is an original procceding brought by Associated Growers against Honorable Tillman Smith, Judge of the 94th District Court of Nueces County. The relator seeks a mandamus ordering the district judge to proceed to trial and judgment in a certain cause styled Associated Growers v. Guy A. Thompson, Trustee for St. Louis, Brownsville and Mexico Railway Company, and numbered 41793 on the docket of said court.

The appeal turns upon the nature of a judgment entered by the district court. If such order be interlocutory, then it would be the duty of the district judge to proceed to final judgment and this Court would be authorized to order him to so proceed, by virtue of the provision of Article 1824,

Vernon's Ann.Civ.Stats. On the other hand, if the judgment be final, the writ obviously should not issue.

The question resolved itself into an inquiry as to the power of the district court, after the case has been submitted to a jury, to order a severance of the separate claims or causes of action set forth in the counts of the petition, when each has separate issues applicable only to one count and in no way being interrelated to the other counts.

Associated Growers as plaintiff brought suit against Guy A. Thompson, Trustee for St. Louis, Brownsville and Mexico Railway Company. The petition contained four counts, each based upon separate and entirely disconnected shipments of tomatoes which originated in Brownsville, Texas.

The counts of the petition, the dates of shipments and numbers of the refrigerator cars are as follows:

| Count | | Date | Car |
|-------|-----|--------------|------------|
| Count | I   | May 27, 1947, | ART 22511 |
| Count | II  | June 9, 1947, | PFE 51852 |
| Count | III | June 11, 1948, | SFRD 25196 |
| Count | IV  | June 16, 1948, | ART 17314 |

The case was submitted to the jury upon special issues. The jury answered those relating to Counts I and II, but were unable to agree upon those relating to Counts III and IV.

The court found by its judgment that "Count I and Count II as made by the pleadings of the parties are actually two separate lawsuits, entirely independent of and unconnected with each other or with Count III and Count IV as made by the pleadings and that the jury answered all special issues as to said Count I, involving a shipment of tomatoes from Brownsville, Texas, May 27, 1948, in car ART 22511 ultimately consigned and delivered to Baltimore, and as to Count II, involving a shipment of tomatoes by Plaintiff from Brownsville, Texas, June 9, 1947, in car PFE 51582 ultimately consigned and delivered to Baltimore, * * *."

Based upon this finding, it was ordered, adjudged and decreed:

"That Count I and Count II hereof be severed from Counts II and IV hereof which latter counts shall be re-docketed by the Clerk of this court as No. 41793½-B, Associated Growers vs. Guy A. Thompson, Trustee, St. Louis, Brownsville & New Mexico Railway Company, Debtor, the sum of Ninety-Four and 90/100 Dollars ($94.-90) plus interest from June 13, 1947, to date in the amount of Twenty-Three and 34/100 Dollars ($23.34) making a total of One Hundred Eighteen and 24/100 Dollars ($118.24) plus interest thereon at the rate of six percent (6%) per annum from date until paid, together with his costs in this behalf expended, as and for his damages for said shipment in car PFE 51582.

"That as to Count I, the shipment in car ART 22511, Plaintiff recover nothing and Defendant go hence without day."

█ The trial court is vested with a broad discretion in regard to the consolidation and severance of claims. Rule 174, Rules of Civil Procedure, provides that "The court in furtherance of convenience. * * * may order a separate trial of any claim * * *." The exercise of this power of severance is not precluded by the fact that special issues affecting the several claims involved have been submitted to the jury. The severance of distinct and separate claims does not amount to a trial of the case by piecemeal.

█ In Texas Cities Gas Co. v. Dickens, Tex.Civ.App., 133 S.W.2d 810, 812, the Waco Court, upon an appeal rather than upon an application for writ of mandamus, was presented with the problem of whether the judgment involved was final or not. The trial court had instructed a verdict for certain parties and submitted issues to the jury relating to the other parties. The jury's findings were set aside and the court then attempted to effect a severance and render a final judgment as to certain portions of the case. The Court of Civil Appeals held that plaintiff's petition did not declare upon separate and distinct claims or causes of action and for that reason the attempted severance was invalid. The distinction between separate and distinct claims or causes of action, on one hand, and the several parts of one cause of action, is made abundantly clear by the opinion of the Court wherein it was said: "The trial

court granted the motion to sever and entered its order decreeing that plaintiff, N. P. Dickens, take nothing as against the defendants The First National Bank of Waco, Texas, and Waco Land Trust, and that Texas Cities Gas Company and Lone Star Gas Company take nothing on their cross-action against The First National Bank of Waco, Texas, and Waco Land Trust, on the ground that plaintiff N. P. Dickens' petition stated *two causes of action based on separate and distinct subject matters and enforceable against different defendants,* that is, that plaintiff's petition stated a separate and single cause of action based on one tort against Texas Cities Gas Company and Lone Star Gas Company and another single and separate cause of action based on another tort against The First National Bank of Waco, Texas, and Waco Land Trust. *If the trial court's construction of plaintiff's petition is correct, then its action is properly before this court for consideration and review* (as a final judgment), but if plaintiff's petition stated one cause of action based on joint and concurring acts and omissions on the part of all the defendants, then this court is without jurisdiction for the reason that only one judgment can be entered in that character of cause. A trial court is not authorized, over the objection of any of the interested parties, to split a single cause of action into two or more parts. 1 Tex.Jur. sec. 53, pp. 670–671." (Italics ours.)

This obviously is not a case such as that considered by the Supreme Court in Fisher v. Coastal Transport Co., Tex., 230 S.W. 2d 522, 525, where the claims and issues involved were not separate and distinct, as in this case, but were "closely related and * * * indivisible."

 The matter of a trial court's authority to grant a partial new trial is the subject of a well-considered article by Hon. Ralph R. Wood, appearing in 2 Tex. Law Review 507. The writer calls attention to the distinction between a "cause" and a "case," which obviously may include more than one cause, and concludes that in a case embracing two or more separate and distinct causes, a final judgment may be rendered as to one or more of them and a new trial ordered as to the remainder.

In Boone v. Hulsey, 71 Tex. 176, 9 S.W. 531, 536, the Supreme Court said: "It is not an unusual practice in this court, in an appeal by a plaintiff from a judgment in favor of several defendants, each for a separate parcel of land, and in which the defenses are in no way connected, to reverse as to one or more defendants, and to affirm as to the others (citing cases). For a discussion of the principles applicable to this matter, see especially Burleson v. Henderson, 4 Tex. 49. This court can render such judgment as it would have been proper for the court below to have rendered; and hence it follows that, in our opinion, in this class of cases, it is not improper virtually to sever the defenses after judgment, and, when justice demands it, to grant a new trial as to some of the defendants, and to let the judgment stand as to others."

We hold that the judgment as to Counts I and II is final. There is no complaint made of the trial court's failure to proceed with Counts III and IV as a separate case.

The petition for mandamus is denied.