EDWARDS FEED MILL, INC. v. WILLIAM WARREN JOHNSON

No. A-6427. Decided January 19, 1958.
Rehearing overruled April 9, 1958.
(311 S.W. 2d Series 232)

314

*Wolff & Wolff*, of San Antonio, for petitioner.

*Stahl & Sohn, Elmer Ware Stahl* and *H. Kyle Seale*, all of San Antonio, for respondents.

MR. JUSTICE GREENHILL delivered the opinion of the Court.

The controlling question in this case relates to the asserted voidness of a default judgment rendered against respondent, William Warren Johnson, by the District Court of Bexar County, Texas, on February 27, 1953, in Cause No. F-54,353. The District Court and the Court of Civil Appeals (by a divided court) have held that the judgment was void. We are not in agreement with such holding, and accordingly the judgments of the courts below will be reversed and the cause remanded to the district court.

The undisputed facts are fully set out in the majority opinion of the Court of Civil Appeals. 302 S.W. 2d 151. We shall confine our statement to the essentials which bear directly upon the question of validity of the default judgment.

On April 1, 1949, petitioner, Edwards Feed Mill, Inc., as plaintiff brought suit against William Warren Johnson (respondent here) and his son, Woodson W. Johnson. They were sued

as partners for feed sold and delivered to them. Neither the fact of partnership, the sale of the feed, or the receipt of the goods was or is denied. The suit was based upon two counts, a promissory note and a verified account. We are concerned here only with the action on the promissory note. William Warren Johnson, although duly served with citation, filed no answer. Woodson W. Johnson filed an answer but the suit as to him was subsequently dismissed and a final judgment upon both the promissory note and the sworn account was rendered against the defaulting defendant, William Warren Johnson, on February 27, 1953. No appeal was attempted. More than two years later, on May 16, 1955, William Warren Johnson filed a suit (Cause No. F-93,721) attacking that portion of the judgment based upon the promissory note upon the ground that it was void. The trial court sustained this position and rendered a summary judgment which left the judgment in Cause No. F-54,-353 in full force and effect as to the sworn account but annulled the portion thereof based upon the promissory note.

In affirming this judgment, the majority of the Court of Civil Appeals recognized that: "Default judgments which are subject to be set aside for lack of pleadings or on faulty pleading, fall into two classes, first, those which are merely lacking in allegations of fact sufficient to fully state a cause of action (known as the general demurrer class), and can only be attacked by direct appeal or writ of error, and, second, those which, from the facts alleged, affirmatively show that plaintiff has no cause of action upon the facts stated." It concluded that the "petition in said Cause No. F-54, 353, from the allegations therein contained, wholly negatived the existence of a cause of action against William Warren Johnson on said note."

In Smith v. Pegram, 80 S.W. 2d 354, 356, the Amarillo Court of Civil Appeals quoted with approval Ritch v. Jarvis, Tex. Civ. App., 64 S.W. 2d 831, setting out the following rule:

"A judgment not based upon any pleadings is void. Hart v. Hunter, 52 Texas Civ. App. 75, 114 S.W. 882. But there is difference between no pleadings, or a petition which from the facts alleged shows affirmatively that plaintiff has no cause of action upon the facts stated, and a petition which is merely lacking in allegations of fact sufficiently to fully state the cause of action. In the latter case it may be subject to a general demurrer and would be reversed upon appeal from an adverse ruling of the trial court. Yet the same petition may be sufficient to prevent a judgment by default from being void; for, if it states the

nature of the cause of action determined by the judgment and is of a class over which the court has potential jurisdiction, it invokes the active jurisdiction of the court, and its sufficiency in regard to the fullness of facts is a matter for determination by the trial judge entering the judgment. An error committed by the trial court in its deliberation upon the sufficiency of the petition in this respect would not in legal effect be different from an error committed in rendering the judgment upon insufficient facts proven, and would not render the judgment void. Freeman on Judgments (5th Ed.) vol. 1, 365, p. 765. However, if the pleadings do not invoke the jurisdiction of the court upon the subject matter determined by the judgment, it is void. Sandoval v. Rosser (Texas Civ. App.) 26 S.W. 930; Morgan v. Davis (Texas Civ. App.) 292 S.W. 610."

A writ of error was refused by this court without reservation in Smith v. Pegram.

We are of the opinion that the allegations in the petition filed by the Edwards Feed Mill do not show affirmatively that the plaintiff had no cause of action against William Warren Johnson on the facts stated. The petition asserted that defendants Woodson W. Johnson and William Warren Johnson "were on the dates of the transaction alleged below partners in the dairy business and were buying animal feed from plaintiffs. On the 29th day of September, 1948, defendant, Woodson W. Johnson, executed and delivered to plaintiff his promissory note bearing date of such day and year and thereby promised to pay it, or its order, thirty (30) days after date, the sum of Four Thousand Dollars ($4,000.00) * * *. Though repeated demands have been made by plaintiff upon defendants to pay such note, interest and attorney's fees, the defendants have failed and refused and still fail and refuse to pay the same, or any part thereof, to plaintiff's damage" in the sum of $3,500.00 and interest. (Italics ours.)

The count upon the promissory note is followed by one based upon a sworn account.

The prayer is for judgment "against defendants, Woodson W. Johnson and Warren W. (William Warren) Johnson jointly and severally in the amount of Thirty-five Hundred Dollars ($3,500.00)" and interest, followed by a further prayer for the recovery of $3,292.67, being the amount alleged to be due upon the open account.

The note set forth in the petition is signed, "W. W. Johnson,"

but it is undisputed that the note was executed by the son, Woodson W. Johnson and that the Warren W. Johnson referred to in the petition and the judgment and served with citation is the same person as petitioner, William Warren Johnson.

Rule 45, Texas Rules of Civil Procedure, only requires that a petition consist of a statement in plain and concise language of the plaintiff's cause of action and provides that the fact "that an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole." In order to support a default judgment it is not necessary that a plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of Action. As above pointed out, it is not requisite that a petition be technically sufficient to state a cause of action in order to sustain a default. We think a fair interpretation of the petition before us is that the plaintiff was thereby asserting that Woodson W. Johnson and William Warren Johnson were partners in the dairy business; that they were buying feed for their livestock from plaintiffs; that in the course of their business operations they delivered to plaintiff a promissory note signed by one of the partners, Woodson W. Johnson, which they had not paid. In other words, the petition was a declaration upon a partnership obligation. First State Bank of Riesel v. Dyer, 151 Texas 650, 254 S.W. 2d 92; 68 C.J.S. 581 and 606, Partnership SS 147 and 161(c) ; 40 Am. Jur. 288, Partnership S152. This being true, it cannot be said that the allegations of the petition affirmatively show that the plaintiff Edwards Feed Mill, Inc., had no cause of action against William Warren Johnson. McCormick & Ray, Texas Law of Evidence, (2d Ed.) S 398.

For the reasons stated, the judgments of the Courts below are reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Opinion delivered February 19, 1958. Rehearing overruled April 9, 1958.