**Mrs. Richard E. CARTER et al., Appellants,**

v.

**SKELLY OIL COMPANY, Appellee.**

No. 3543.

Court of Civil Appeals of Texas.

Waco.

Oct. 16, 1958.

Hill, Brown, Kronzer & Abraham, Houston, Bell, Camp & Gwin, Bay City, for appellants.

Vinson, Elkins, Weems & Searls, Houston, Gayle M. Pickens, Tulsa, Okl., B. Jeff Crane, Jr., Houston, for appellee.

McDONALD, Chief Justice.

This is a companion case to No. 3542, Skelly Oil Co. v. Carter, Tex.Civ.App., 316 S.W.2d 87, in which cause liability of Skelly Oil Company for injuries sustained by Richard E. Carter, deceased, was upheld.

Richard E. Carter was an employee of Skelly Oil Company. On 15 August 1955, while working in the course and scope of his employment, he undertook to remove a unibolt coupling from a heater connected with gas production equipment on the Carrie Labay Lease in Colorado County. Because gas was confined under pressure in that portion of the heater, either a part of the unibolt or the gas was propelled against Carter's body, inflicting upon him injuries from which he died 26 days later. This suit was originally instituted by his widow in a dual capacity: 1) as community survivor of the estate of the deceased to recover damages for the conscious pain and suffering endured by deceased during the 26 days he lived following his injury, and 2) under the wrongful death act, Vernon's Ann.Civ.St. Art. 4671, individually and as next friend of the minor children of deceased. Defendant Skelly Oil Company being a nonsubscriber under the Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq., was stripped of its common law defenses. Trial was had to a jury, which found defendant guilty of negligence and, further, that such negligence was a proximate cause of the occurrence. The issues as to damages to the surviving widow and children were answered totally $65,000. In answer to the special issue inquiring as to damages for the deceased's physical pain and mental anguish before his death the jury replied "None". After verdict but prior to judgment Mrs. Richard E. Carter moved the Trial Court to sever the estate's cause of action from the separate cause of action asserted under Art. 4671. The Trial Court granted such motion and severed the two causes of action. Thereafter judgment was rendered in Cause 3542 for Mrs. Carter and children

for $65,000, and such constituted the subject matter of the appeal in Skelly Oil Company v. Carter, supra. The Trial Court, in this cause, rendered judgment that the estate take nothing for the pain and suffering endured by the deceased Richard E. Carter after his injury but prior to his death. Mrs. Carter, on behalf of the deceased's estate, appeals, contending: 1) There is no evidence to support the jury's answer to Issue No. 52; 2) the evidence is insufficient to support the jury's answer to Issue No. 52; 3) the jury's answer to Issue No. 52 is contrary to the overwhelming weight of all the evidence; 4) the jury's answer to Issue No. 52 is manifestly so inadequate, unsupportable, and inequitable that it must be set aside and disregarded pursuant to Rule 328, Texas Rules of Civil Procedure.

 Issue No. 52 submitted by the Trial Court to the jury is as follows:

"What sum of money, if any, do you find from a preponderance of the evidence would, if paid now in cash, reasonably compensate the estate of Richard E. Carter, for such physical suffering, if any, as you may find that he did suffer, if any, and mental anguish, if any, as you may find that he did suffer, if any, from the time of the occurrence on August 15, 1955, to the time of his death on September 11, 1955, as a direct and proximate cause of the occurrence on August 15, 1955, if any?"

The jury answered the foregoing issue "None".

The medical and lay testimony, the hospital records, and all the inferences and circumstances of the case very forcibly demonstrate that this was one of the most severe cases of conscious pain and suffering in this or any other jurisdiction. The deceased lived for 26 days after the accident; he underwent surgery on two occasions; much of the time sedation would not eliminate his pain, he would cry out

in pain; he was conscious and in severe pain almost up to the point of his death.

The jury's answer to the foregoing issue is so against the weight and preponderance of the evidence as to be manifestly wrong and unjust, and the evidence is insufficient to support the jury's answer to such issue. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Skelly Oil Company is liable in the case at bar for injuries sustained by Richard E. Carter (See companion case No. 3542, Skelly Oil Co. v. Carter, Tex.Civ.App., 316 S.W.2d 87). The Trial Court had a right to grant the severance of the two causes of action under Rule 174(a), Texas Rules of Civil Procedure. See Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588; Associated Growers v. Smith, Tex.Civ.App., 244 S.W.2d 348.

The cause is reversed and remanded for another trial.

Reversed and remanded.

HALE, J., not participating.