J. W. PIERCE, DBA PIERCE PUMP COMPANY V. JOHN B. REYNOLDS.

No. A-7221. Decided October 7, 1959.
Rehearing Overruled November 4, 1959.
(329 S.W. 2d Series 76)

*Malone, Lipscomb & Seay, George E. Seay* and *Robert A. Gwinn,* all of Dallas for petitioner.

The Court of Civil Appeals erred in holding the trial court's partial summary judgment was an appealable order which could be severed from the primary cause under the terms and provisions of Rules 37 to 43 and 97 and 174, Texas Rules of Civil Procedure. Montgomery v. Willbanks, 202 S.W. 2d 851; Minchen v. Murrah, 285 S.W. 2d 372; Womack v. Berry, 291 S.W. 2d 677.

*Fritz & Finson* and *Edward C. Fritz,* all of Dallas, for respondent.

MR. JUSTICE WALKER delivered the opinion of the Court.

Writ of error was granted in this case primarily for the purpose of determining whether a summary judgment which adjudicates a severed part of a single cause of action is appealable. The suit was brought by John B. Reynolds, plaintiff against J. W. Pierce, defendant, pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A., section 216(b), to recover minimum wages and overtime compensation claimed to be owing for the period from January 16, 1955, to May 18, 1956. Defendant's motion for summary judgment as to all amounts alleged to have accrued after August 20, 1955, was sustained. Judgment was thereupon entered by the trial court decreeing that plaintiff take nothing for that portion of the period covered by his petition, and ordering that this part of the case be severed and given a new number on the docket. Plaintiff appealed to the Court of Civil Appeals, and defendant moved to dismiss the appeal on the ground that the judgment entered by the trial court is interlocutory and not appealable. The motion to dismiss was overruled, and the judgment for defendant was reversed and the cause remanded to the district court for trial. 320 S.W. 2d 376.

1 Defendant contends that the decree denying a recovery from and after August 20th is not a final judgment because it does not fully adjudicate the entire controversy between the parties. Whether or not this contention is sound depends upon the effect of the severance, because the judgment as entered undoubtedly

purports to be a final determination of plaintiff's right to recover for the latter portion of the period he was employed by defendant.

The filing of a motion for partial summary judgment cannot be taken as an indication that the moving party regards the cause as severable. Rule 166-A, Texas Rules of Civil Procedure, authorizes the court to dispose on motion for summary judgment of part of the issues raised by the pleadings without adjudicating the rights of the parties on the entire case. When that occurs, the initial order sustaining the motion is usually interlocutory and may not be made the basis of an appeal. Even when all issues involved in an independent and severable cause of action are determined thereby, the order is not appealable unless a severance is granted by the trial court. Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Texas 550, 324 S.W. 2d 200. On the other hand, a judgment which effectively disposes of a severed and severable phase of the case is final for the purposes of an appeal. See Carter v. Skelley Oil Co., Texas Civ. App., 317 S.W. 2d 227 (no writ); Associated Growers v. Smith, Texas Civ. App., 244 S.W. 2d 348 (original mandamus proceeding); Thompson v. A. J. Tebbe & Sons Co., Texas Civ. App., 241 S.W. 2d 633 (no writ). Also see Boone v. Hulsey, 71 Texas 176, 9 S.W. 531. The present case does not fall squarely into either of these categories.

Although plaintiff might have brought suit at the end of each week to recover the amount owing for that week, his petition as filed does not allege several distinct causes of action. All claims for compensation that had accrued and were owing at the time of instituting the present proceeding were merged into and constitute but one cause of action. Upon proper plea by the defendant invoking the rule against splitting causes of action, plaintiff would not be allowed to divide this cause of action so as to maintain several suits thereon when a single action would suffice. If he had attempted to do so, the pendency of the first suit could have been pleaded in abatement of all subsequent actions, and a judgment on the merits in one would bar a recovery in the others. See Eastland County v. Davisson, Com. App., 13 S.W. 2d 673; Sovereign Camp, W.O.W. v. Helm, Texas Civ App., 94 S.W. 2d 521 (wr. ref.); D. & L. Production Co. v. Cuniff, Texas Civ. App., 180 S.W. 2d 205 (wr. dis.); Keen v. Mid-Continent Petroleum Corp., 63 F. Supp. 121 (affirmed 157 F. 2d 310); 1 C.J.S. Actions, section 102 et seq.; 1 Am Jur. Actions, section 96 et seq.

It has often been said that our Rules of Civil Procedure bestow upon the trial courts broad discretion in the matter of consolidation and severance of causes, and that action in such matters will not be disturbed on appeal except for abuse of discretion. See Hamilton v. Hamilton, 154 Texas 511, 280 S.W. 2d 588. They do not, however, contemplate the severance of one cause of action into two or more parts. Rule 41 provides that any claim against a party may be severed and proceeded with separately, but as pointed out in Rose v. Baker, 143 Texas 202, 183 S.W. 2d 438, this refers to a claim that is a severable part of a controversy which involves more than one cause of action. A single cause of action may not properly be divided into a number of different causes, and the severance ordered by the trial court in this case is at least erroneous.

Defendant did not object to the severance, and is therefore not in position to complain of a mere error in granting the same. The narrow question then is whether a court has the power to sever one entire cause of action into two or more parts and render a separate final judgment disposing of each part. At least one court has held, in effect, that an order severing a single cause of action is wholly ineffective and that a judgment which does not dispose of the entire controversy is not appealable. Texas Cities Gas Co. v. Dickens, Texas Civ. App., 133 S.W. 2d 810 (no writ). We do not agree.

The rule against splitting causes of action, which is simply a branch of the broader doctrine of res adjudicata, is not directly involved in this appeal. We note, however, that it is for the benefit of and may be waived by the defendant, and does not in any way limit the power of a court to hear and determine several suits instituted by a plaintiff for the recovery of different parts of a single cause of action. See Lloyds America v. El Paso-Hudspeth Counties Road Dist., Texas Civ. App., 107 S.W. 2d 1008 (wr. ref.) ; 36 Texas Law Rev. 475; 1 C.J.S. Actions, section 102g; 1 Am. Jur. Actions, section 101; Annotation, 62 A.L.R. 263. Whether a judgment in one severed phase of the present case would make a plea of res adjudicata available with respect to the other action is not considered or decided here.

2  As stated in Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., supra, we do not think the appealability of a judgment should be made to turn upon whether the action is severable. The confusion and uncertainty involved in the application of such a rule outweigh any advantages that might result therefrom. In our opinion a severance is not void simply because it divides an entire cause of action into two parts. The

court here had jurisdiction of the subject matter and the parties, and its order does not violate any prohibition or mandatory provision of our constitution, statutes or rules. No matter how erroneous its conclusion and action may have been, it was within the judicial power of the court to determine that the cause was severable and to sever the same accordingly. The order of severance is subject to being set aside on appeal, but until this is done it effectively separates the controversy into two causes. A judgment which fully adjudicates one of the severed causes is appealable even though the entire controversy as it existed prior to the severance is not determined thereby.[1] This brings us to the merits of the appeal.

**3** The Fair Labor Standards Act provides that its minimum wage and overtime compensation provisions shall not apply to one employed in a bona fide executive capacity as that term is defined and delimited by regulations of the Administrator. 29 U.S.C.A., sec. 213. According to the administrative regulations, an employee who is compensated on a salary basis at a rate of not less than $100.00 per week, and whose *primary duty* consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more employees therein, is deemed to be employed in a bona fide executive capacity for purposes of the exemption. 29 U.S.C.A. App., section 541-1 (f). Summary judgment for defendant was granted on the theory that plaintiff's employment after August 20, 1955, satisfied all of these requirements and that as a matter of law he was not entitled to additional compensation for that period.

Defendant is engaged in the business of selling, installing and

---

1.—Federal Rule 54(b) authorizes the trial court to enter final judgment upon less than all of the claims involved in a multiple claims action only upon an express determination that there is no just reason for delay and an express direction for the entry of judgment. A judgment properly entered pursuant to these provisions is appealable, but the Supreme Court of the United States has indicated that no appeal will lie where only part of a single claim is adjudicated or the trial court abuses its discretion in certifying the order. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S. Ct. 895, 100 L. Ed. 1297. See also King v. California Co., 5th Cir., 224 F. 2d 193; Annotations, 100 L. Ed. 1319, 38 A.L.R. 2d 377. We do not think a judgment which possesses all of the attributes of finality can be regarded as interlocutory merely because the court may have erred in ordering a severance which it had the power to grant.

Under our holding in this case, the trial court has the power to burden the appellate courts with a number of appeals in a controversy which should be determined in one proceeding. Severance of a single cause of action into two parts is never proper and should not be granted for the purpose of enabling the litigants to obtain an early appellate ruling on the trial court's determination of one phase of the case.

servicing pumps and pumping equipment. No material affidavit was filed by either party in connection with the motion for summary judgment, but the plaintiff's deposition was tendered by both. This discloses that during the period in question he regularly received more than $100.00 per week and had more than two other employees under his direction. He also stated that he was in charge of the service department but added that this was one of his duties. According to his estimates, approximately two-thirds of his time was spent in selling pumps, arranging and selling parts, getting materials ready for the outside crews, handling freight, and doing electrical work, welding and other manual labor. It also appears that plaintiff frequently went out on jobs as a working foreman; that he was closely supervised by defendant; that he worked on the basis of a 49½-hour week and was either docked or required to make up for lost time; and that his rate of pay computed on an hourly basis was less than that received by other employees in the department.

4  After reading the deposition, we are not entirely clear as to either the organization of the business or the relationship between some of plaintiff's activities and the operations of the service department. The latter may well be a customarily recognized subdivision of the enterprise, but plaintiff's testimony does not show conclusively that its management was his primary duty. At best it simply raises a question of fact on that issue, and summary judgment may not properly be granted even on the testimony of the opposite party when that testimony will support either of two contrary conclusions with respect to a material issue of fact. We agree with the Court of Civil Appeals that the motion for summary judgment should have been overruled, and its judgment is accordingly affirmed.

Opinion delivered October 7, 1959.

Rehearing overruled November 4, 1959.