**Larry R. SCHIEFFER, Appellant,**

**v.**

**Joy C. PATTERSON et vir, Appellees.**

**No. 11619.**

Court of Civil Appeals of Texas.

Austin.

June 26, 1968.

Rehearing Denied July 10, 1968.

Reversed Oct. 16, 1968.

Brown, Erwin, Maroney & Barber, Will G. Barber, Austin, for appellant.

Byrd, Davis, Eisenberg & Clark, L. Tonnett Byrd, Tom H. Davis, Don L. Davis, Austin, for appellees.

PHILLIPS, Chief Justice.

This appeal arises from a damage suit to which the defendant below and the appellant here failed to file an answer; consequently, a default judgment was taken against him. Appellant then moved that this judgment be set aside and that he be granted a new trial. The trial court overruled this motion except insofar as it asks for a new trial on the issue of damages, which issue was ordered severed from the case. Appellant then perfected his appeal to this Court.

We dismiss the appeal.

 We base our decision on the rule announced in Kansas University Endowment Ass'n v. King, 162 Tex. 599, 350 S.W. 2d 11 (1961) where the Court held that an issue that is tried separately under Rule 174 need not constitute a complete lawsuit in itself. Severance is proper, however, only where the suit involves two or more separate and distinct causes of action. Each of the causes into which the action is severed must be such that the same might properly be tried and determined if it were the only claim in controversy.

The case at bar presents one cause of action only.

Rule 301, Texas Rules of Civil Procedure provides that only one final judgment shall be rendered in any cause except where it is otherwise provided by law. There is no exception applicable here.

■ Appeals lie from final judgments only unless otherwise provided by law. Art. 2249, Vernon's Tex.Civ.St., 3 Tex. Jur.2d, Appeals and Error—Civil, Sec. 76, p. 337. No exception is applicable here.

■ A judgment by default does not become final until damages are determined. Southern S. S. Co. v. Schumacher, 154 S.W.2d 283 (Tex.Civ.App. Galveston 1941, writ ref'd). Rules 239–243, inc. Texas Rules of Civil Procedure. See also Minchen v. Murrah, 285 S.W.2d 372 (Tex.Civ.App. El Paso 1955, writ ref'd), applying the same rule in summary judgment cases.

The appeal is dismissed for want of jurisdiction.

Appeal dismissed.