**Larry R. SCHIEFFER, Petitioner,**

v.

**Joy C. PATTERSON et vir, Respondent.**

**No. B-1089.**

Supreme Court of Texas.

Oct. 16, 1968.

Brown, Erwin, Maroney & Barber, Will G. Barber, Austin, for petitioner.

Byrd, Davis, Eisenberg & Clark, L. Tonnett Byrd, Tom H. Davis and Don L. Davis, Austin, for respondent.

PER CURIAM.

Petitioner moved that a default judgment against him in this damage suit be set aside and that he be granted a new trial. The trial court overruled the motion except insofar as the motion "asks for a new trial on the issue of damages." One month later the trial court, on petitioner's motion, ordered the damage issue severed from the issue of liability. The Court of Civil Appeals dismissed petitioner's appeal from the trial court's first order overruling his motion for a new trial on all the issues because of lack of jurisdiction. 430 S.W. 2d 290. The Court of Civil Appeals reasoned that appeals lie only from final judgments and that despite the severance order the case presented only one cause of action which could result in only one final judgment.

The decision of the Court of Civil Appeals conflicts with the opinion of this Court in Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76, 78–79 (1959), where we held:

"No matter how erroneous its conclusion and action may have been, it was within the judicial power of the court to determine that the cause was severable and to sever the same accordingly. The order of severance is subject to being set aside on appeal, but until this is done it effectively separates the controversy into two causes. A judgment which fully adjudicates one of the severed causes is appealable even though the entire controversy as it existed prior to the severance is not determined thereby."

By authority of Rule 483, Tex.Rules Civ.Proc., the judgment of the Court of Civil Appeals is reversed and the cause remanded to that court for consideration on its merits.

Our holding in this case is not to be taken as approving the trial court's order severing the issues of liability and damages. Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 85 A.L.R.2d 1 (1958).