**Jim B. STINSON, Petitioner,**

v.

**George JONES, Respondent.**

**No. 7005.**

Court of Civil Appeals of Texas.

Beaumont.

Nov. 7, 1968.

Barnes & Barnes, Beaumont, for appellant.

Tom H. Guin, Ramie Griffin, Beaumont, for appellee.

PARKER, Justice.

George Jones sued Big Three Industrial Gas & Equipment Co. and Jim B. Stinson for damages for personal injuries arising out of a collision between two automobiles. Big Three appeared and answered. Although served with process, Jim B. Stinson did not appear and answer. Plaintiff Jones took a nonsuit against Big Three and it was dismissed. Judgment by default was rendered against Jim B. Stinson. Jim B. Stinson, as petitioner, prosecutes this appeal by writ of error against George Jones, as respondent. Judgment was entered in the trial court on August 28, 1967. Petitioner filed his petition for writ of error in the trial court on January 19, 1968. His supersedeas bond was filed on the same day. There is no record of any evidence adduced in the trial court.

In the first three points of error, petitioner asserts the trial court erred in rendering judgment against the petitioner by default because plaintiff's petition is not sufficient to support a default judgment, alleges no act or omission of negligence on the part of petitioner, and is insufficient to give fair notice to the petitioner of the claim involved. These points of error are sustained.

Plaintiff's original petition contains only the following allegations pertaining to petitioner's conduct at the time in question.

Your plaintiff would show that on or about the 9th day of February, 1966, at approximately 5:17 p.m., he was seriously injured as a result of an accident which occurred at 8700 North Eleventh Street, Beaumont, Jefferson County, Texas. Your Plaintiff was driving his 1959 model Ford 4-Door Automobile which was at such time being operated in a Northerly direction on Eleventh Street, when suddenly and without warning said Plaintiff's automobile was struck by a 1966 model Pontiac Automobile, owned by Big Three Industrial Gas & Equipment Co., of Nederland, Jefferson County, Texas, and being operated by Jim B. Stinson at such time. The collision of February 9, 1966, which is made the basis of this suit, was proximately caused by the negligence of the defendants and as a result of such negligence, your plaintiff, George Jones, has been caused to suffer serious and probable permanent bodily injuries and your plaintiff has suffered damages, by reason of which he is entitled to recover of and from the defendants the reasonable and just sum of Nine Thousand Nine Hundred Ninety-Nine and 99/100 Dollars for which sum he here now sues.

Such petition contains an allegation that the collision in question "was proximately caused by the negligence of defendants." It contains no allegation of any act or omission that would be negligence on the part of Jim B. Stinson. The allegation that George Jones' automobile was struck by the automobile operated by Jim B. Stinson suddenly and without warning fails to give fair notice of how the accident occurred. The words used in the petition "suddenly without warning" are not accompanied by any allegations of facts or circumstances from which a duty to plaintiff could be inferred or implied. The allegation of negligence is a general conclusion. Such a general allegation of negligence will not support a default judgment. Rule 90 Texas Rules of Civil Procedure expressly excepts default judgment from its operations. Rules 45 and 47 T.R.C.P. are controlling. Rule 45 provides in part that pleadings shall:

* * * (b) Consist of a statement in plain and concise language of the plaintiff's cause of action * * *. That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole.

Rule 47 provides in part:

A pleading which sets forth a claim for relief * * * shall contain

(a) A short statement of the cause of action sufficient to give fair notice of the claim involved, and

(b) A demand for judgment for the relief to which the party deems himself entitled.

In White v. Jackson, 358 S.W.2d 174 (Tex.Civ.App. 1962, writ ref.), the sufficiency of pleadings to support a default judgment was considered at length. In that case, negligence was alleged only as a general conclusion, with the court of civil appeals reversing and remanding said cause. The reasoning and authorities contained in such opinion are applicable to this cause. It follows the authoritative opinion in Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58:

The rules authorize the taking of a judgment by default. In order to support such a judgment, it is essential that the petition show a good cause of action upon which a default judgment can be entered, and the parties seeking such judgment must comply with the requirements of the rules regarding same.

The acts done or omitted relied on to establish negligence must be alleged. Missouri Pacific Ry. Co. v. Hennessey, 75 Tex. 155, 12 S.W. 608; Cragin v. Lovell, 109 U.S. 194, 197, 3 S.Ct. 132, 27 L.Ed. 903; C & H Transportation Company v. Wright,

396 S.W.2d 443 (Tex.Civ.App., 1965, writ ref. n. r. e. ) ; Missouri-Kansas-Texas Railroad Company v. Franks, 379 S.W.2d 415 (Tex.Civ.App., 1964, Ref. n. r. e. ).

Having sustained the first three points of error of petitioner, we do not pass on his other points of error.

This case is reversed and remanded.