**Larry R. SCHIEFFER, Appellant,**

v.

**Joy C. PATTERSON et vir, Appellees.**

**No. 11619.**

Court of Civil Appeals of Texas.

Austin.

April 2, 1969.

Brown, Erwin, Maroney & Barber, Will G. Barber, Austin, for appellant.

Byrd, Davis, Eisenberg & Clark, L. Tonnett Byrd, Tom H. Davis, Don L. Davis, Austin, for appellees.

PHILLIPS, Chief Justice.

This is a suit for damages for personal injury incurred in an automobile collision. Although duly served with citation, the defendant in the court below failed to file an answer. After hearing evidence of the damages sustained by the plaintiffs, the trial court entered default judgment against the defendant. Thereafter the defendant filed a motion to set aside judgment by default and asked for a new trial.

Following a hearing on defendant's motion, the trial court entered an order overruling defendant's motion to set aside judgment by default and for new trial "except insofar as it asks for a new trial on the issue of damages" and granted defendant a jury trial on the damage issues only. An order was then entered granting defendant's motion to sever the damage issues from all other issues in the case and the defendant appealed.

We dismissed this appeal for want of jurisdiction, 430 S.W.2d 290, however, the Supreme Court reversed our judgment of dismissal and remanded the cause to this Court for consideration on its merits, 433 S.W.2d 418.

Appellant is before this Court on seven points of error.[1]  We sustain points of

1. POINT OF ERROR 1:  The trial court erred in rendering default judgment, because the allegations in plaintiffs' original petition are not sufficient to support a default judgment, since no facts or circumstances are alleged therein from which it could be found that defendant breached any duty whatsoever which he might have owed plaintiffs in connection with whatever act or omission of the defendant is claimed as negligence;  POINT OF ERROR 2:  The trial court erred in rendering default judgment, because the allegations in plaintiffs' original petition are not sufficient to support a default judgment, since no act or omission whatsoever of defendant is alleged therein which could constitute negligence;  POINT OF ERROR 3:  The trial court erred in rendering default judgment in any amount, because there is no allegation in plaintiffs' original petition of plaintiff Mrs. Patterson's personal injuries or the nature, extent, or duration thereof resulting in damages to plaintiffs;  POINT OF ERROR 4:  The trial court erred in rendering default judgment for $58,948.55, because the allegations in plaintiffs' original petition could in no event support a judgment substantially in excess of $500.00;  POINT OF ERROR 5:  The

error one through seven which go to the basic insufficiency of appellees' (plaintiffs below) petition to support the default judgment in question. In view of another trial we need not discuss point of error number eight.

The portion of appellees' petition in issue here reads as follows:

"2.

"It has become necessary to bring this suit because of an automobile collision on November 21, 1966, at approximately 8:45 A.M. On that occasion Joy C. Patterson was driving a 1965 Rambler and defendant was driving a 1966 Mustang. The collision occurred at the intersection of Briarwood and Penny Streets in Austin, Texas. The said collision was caused by one or more negligent acts and omissions on the part of defendant, and it resulted in property damages to both plaintiffs and serious personal injuries to Joy Patterson.

"3.

"As a result of the personal injuries and property damages sustained by plaintiffs, their total damages will exceed the minimum jurisdictional limits of this Court."

We hold that the allegations in appellees' original petition are insufficient to support a default judgment. There is no allegation of any fact showing any duty owed by appellant to appellees with respect to whatever act or omission on appellant's part claimed as negligence. There is no allegation of any act or omission on

appellant's part claimed as negligence. There is no allegation as to the nature, extent or duration of the personal injuries of appellee Joy C. Patterson. There is no allegation or prayer as to the amount of damages sustained by appellees other than it "will exceed the minimum jurisdictional limits" of the trial court. White v. Jackson, 358 S.W.2d 174 (Tex.Civ.App. Waco, 1962, writ ref. n. r. e.); White Motor Company v. Loden, 373 S.W.2d 863 (Tex.Civ.App. Dallas 1963, no writ); Stinson v. Jones, 434 S.W.2d 212 (Tex.Civ. App. Beaumont 1968, no writ).

Appellees have urged upon this Court certain language supporting a default judgment in the opinion of the Supreme Court in Edwards Feed Mill v. Johnson, 158 Tex. 313, 311 S.W.2d 232 (1958). The default judgment in Edwards was not appealed but was attacked two years later as being void. There is no contention in the case at bar that the judgment is void but that the petition upon which it is based is insufficient, that a money judgment cannot result therefrom. Consequently, appeal was duly perfected here alleging the error complained of.

The trial court's order overruling defendant appellant's amended motion to set aside judgment by default and for new trial with respect to liability issues is hereby reversed and this cause is remanded to the trial court with instructions to set aside the default judgment in its entirety and to grant appellant a new trial on all issues.

Reversed and remanded with instructions.

trial court erred in rendering the default judgment for $58,948.55, because plaintiffs' original petition did not give defendant notice as to the nature of plaintiffs' claim and the relief sought as required by the Fourteenth Amendment of the Constitution of the United States, and as also required by Article 1, Section 19, of the Constitution of the State of Texas; POINT OF ERROR 6: The trial court erred in rendering default

judgment, because plaintiffs' original petition does not set forth sufficient facts and circumstances constituting their cause of action to give defendant fair notice of the basis for their claim; POINT OF ERROR 7: The trial court erred in rendering the default judgment for $58,948.55, since plaintiffs merely alleged that their total damages exceeded the minimum jurisdictional limit of that court.

HUGHES, Justice (concurring).

In our previous opinion we held that the trial court erred in severing the damage issues from the liability issues, the cause of action asserted being an indivisible cause of action. In reversing our action in dismissing the appeal on the ground that no final judgment had been rendered, the Supreme Court quoted from its prior opinion to the effect that an erroneous order of severance could be set aside on appeal.

I would set aside the erroneous order of severance in this case and reverse and remand on that ground alone. If we decide the other questions raised then there would be nothing to deter trial judges from erroneously trying cases piecemeal because they would accomplish the desired result regardless of how they may have splintered an indivisible cause of action.

I do not take this position solely or even primarily because appellate courts could be flooded with multiple appeals growing out of a single cause of action but because the delay and expense of multiple appeals would cause injustice to litigants who could afford neither the delay incident to nor the cost of multiple appeals.

I concur only in the order of reversal and remand.

A better solution to this case would be for the Supreme Court to reconsider and overrule its opinion reversing the judgment of this Court.

The order appealed from reads:

"On this 1st day of February, 1968, in the above styled and numbered cause, pending in the above mentioned court, came on to be heard the defendant's amended motion to set aside judgment by default and for new trial, and the Court having read such motion and heard and considered the evidence and argument of counsel, is of the opinion that the following order should be entered.

It is ORDERED, ADJUDGED, AND DECREED that the defendant's amended motion to set aside judgment by default and for new trial be, and the same is hereby, overruled, except insofar as it asks for a new trial on the issue of damages, and the defendant is hereby granted a jury trial on the issue of damages only.

To which action and ruling of the court defendant then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas, sitting at Austin, Texas.

Signed and ordered entered this 1st day of February, 1968."

Appellant's motion to sever was not made until February 29, 1968.

No order of severance appears in the transcript, unless the above order be so considered. It seems very doubtful to me that this is a severance order. See McKellar v. Bracewell, 437 S.W.2d 319, Tex. Civ.App. Houston (1st) 1969.

In reversing us the Court relied upon its opinion in Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76. In that case the trial court rendered judgment that as to certain items sued for that plaintiff take nothing. This was certainly a final disposition of a part of the controversy.

All of the cases cited in Pierce on this point are of similar import.

In Carter v. Skelly Oil Company, 317 S.W.2d 227, Tex.Civ.App. Waco, no writ (1958) the appeal was from a take nothing judgment as to a portion of a cause of action.

In Associated Growers v. Smith, 244 S.W.2d 348, Tex.Civ.App. San Antonio, Mandamus (1951) was a case in which the trial court severed certain separate claims and rendered judgment that as to certain counts plaintiff take nothing and that as to other counts plaintiff recover money damages and that other counts on which the jury could not agree be severed. The Court held this procedure was proper, and

that the judgments rendered were final judgments.

Thompson v. A. J. Tebbe & Sons Co., 241 S.W.2d 633, Tex.Civ.App. El Paso, no writ (1951) was similar to Smith, supra, the trial court rendering money judgment on certain counts and severing certain other counts as to which he was then unable to hear evidence.

In Boone v. Hulsey, 71 Tex. 176, 9 S.W. 531, the Court held that in a trespass to try title case where the defendants each claimed a separate part of the land sued for a severance could be granted and more than one final judgment rendered.

I submit that these cases do not sustain the Court's ruling in this case. The judgment from which this appeal was taken is a far cry from the judgments in the cases cited. Each of those cases finally adjudicated the validity or invalidity of a claim. Nothing was left to be determined as to its extent or effect. Each of such judgments was ripe for execution. This is not true of the judgment here. It does not settle all or any portion of the single claim made by the pleadings. It has none of the attributes of finality. It is not ripe for execution, even for costs. Rule 149, T.R.C.P.

In Pierce, supra, the Court stated that "A judgment which fully adjudicates one of the severed causes is appealable. * *" This judgment does not fully adjudicate any cause.

It grants a new trial in part. It is fundamental that no appeal lies from an order granting a new trial. This leaves standing only an order granting an interlocutory default judgment. See authorities cited in our former opinion. An interlocutory judgment is not appealable unless there is specific statutory or rule authority. No such authority is provided as to interlocutory default judgments.

Art. 2249, V.A.C.S. is unrepealed. It authorizes appeals from final judgments only. Until repealed it should be accorded respect.

I concur only to the extent indicated herein.