**Thomas Calvin RAMFIELD, Appellant,**

**v.**

**Jim WILBURN et al., Appellees.**

**No. 598.**

Court of Civil Appeals of Texas,
Corpus Christi.

March 25, 1971.

Rehearing Denied April 22, 1971.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, B. Mills Latham, Corpus Christi, for appellant.

Douglas Tinker, Corpus Christi, for appellees.

OPINION

SHARPE, Justice.

This is an appeal by writ of error from a default judgment.

Respondents-plaintiffs sued petitioner for damages on account of personal injuries suffered by Gary Wilburn, the minor son of Jim Wilburn, Jr. and Elia Wilburn, and for medical expenses incurred by the parents, arising out of a collision between petitioner's automobile and Gary Wilburn,

a pedestrian, on September 18, 1969. Although served with process, petitioner-defendant did not appear or answer, and default judgment was rendered against him for $8,678.00, plus costs, including $50.00 as a fee for an attorney ad litem appointed to represent the minor plaintiff.

■ By three points of error petitioner asserts that the trial court erred in rendering default judgment against him because plaintiff's petition (1) was not sufficient to support a default judgment, (2) alleges no act or omission of negligence on the part of petitioner, and (3) is insufficient to give fair notice to petitioner of the claim involved. We sustain these points.

The only allegations of plaintiffs' original petition concerning the conduct of petitioner on the occasion in question and his possible liability for same are contained in Paragraphs II and III thereof as

"II.

Your Plaintiffs would show unto the Court that on September 18, 1969, the minor child of said Plaintiffs, Gary Wilburn, sustained serious and disabling personal injuries and damages as a result of being struck by an automobile driven by the said Thomas Calvin Ramfield and due to said Defendant's negligence in operating said vehicle, all of which will be more fully alleged.

III.

That the collision in question and the personal injuries and damages sustained by Plaintiffs' minor child, Gary Wilburn, which is made the basis of this lawsuit were caused by the various acts and/or omissions of negligence committed by the Defendant, Thomas Calvin Ramfield, each and all of which were a proximate cause of Plaintiffs' injuries and damages."

Respondents' petition contains no allegation of any act or omission that would con-stitute negligence on the part of petitioner. The allegation of negligence is a general conclusion. The allegation that Gary Wilburn sustained injuries as a result of being struck by an automobile driven by petitioner and due to his negligence in operating his vehicle fails to give fair notice of how the accident occurred. We agree with petitioner that such general allegations of negligence will not support a default judgment.

■ Petitioner's contentions are supported by three decisions which correctly state the applicable rules and are closely in point on the facts. See Schieffer v. Patterson, 440 S.W.2d 124 (Tex.Civ.App., Austin, 1969, n. w. h.); Stinson v. Jones, 434 S.W. 2d 212 (Tex.Civ.App., Beaumont, 1968, n. w. h.); White v. Jackson, 358 S.W.2d 174 (Tex.Civ.App. Waco, 1962, wr. ref. n. r. e.). The last two decisions discuss the effect of Rules 45, 47 and 90, T.R.C.P., and particularly point out that Rule 90 expressly excepts default judgments from its operation. It is clear from the latter rule that a party seeking reversal of a default judgment because of defects, omissions or faults in the pleadings, either in substance or form, does not waive the insufficiency of the pleading merely because of the default.

None of the cases relied on by respondents controls disposition of the instant case. One such case is Edwards Feed Mill v. Johnson, 158 Tex. 313, 311 S.W.2d 232 (1958). There the original default judgment was not appealed but a portion of it was attacked more than two years after its rendition as being void. The contention here is not that a judgment in a prior proceeding is void but, instead, is that respondents' petition is insufficient to support a default judgment, which is directly attacked on this appeal by writ of error. The cited case is not in point.

The judgment of the trial court is reversed and the cause is remanded.