**AFFIRM; and Opinion Filed April 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-12-01722-CV**

**NATIONSTAR MORTGAGE, LLC,**
**F/K/A CENTEX HOME EQUITY COMPANY, LLC, Appellant**
**V.**
**TURTLE CREEK 3838 #1816 LAND TRUST, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-05443-A**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lewis

In this restricted appeal, appellant Nationstar Mortgage, LLC ("Nationstar") challenges the trial court's default judgment in favor of appellee Turtle Creek 3838 #1816 Land Trust ("Turtle Creek"). Nationstar contends (1) Turtle Creek's pleadings are insufficient to establish its superior right to the property at issue, (2) a misnomer in the pleadings invalidates the default judgment, and (3) the trial court erred in granting the default judgment. Because the issues in this appeal involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

Turtle Creek purchased a condominium (the "Condominium") in a foreclosure sale, when the Condominium's homeowners' association foreclosed on its assessment lien. At the time of Turtle Creek's purchase, Nationstar held a deed of trust on the Condominium;

Nationstar's deed of trust was the second deed of trust filed on the Condominium. In an effort to quiet title, Turtle Creek filed suit, seeking a declaration that its property interest in the Condominium was superior to Nationstar's interest and that Nationstar's lien was extinguished by the foreclosure. Turtle Creek urged two grounds in support of its claim. First, it alleged the terms of the Condominium's homeowners' association Declaration made the association's assessment lien superior to all but first mortgage liens. Second, it alleged Nationstar did not own or hold the note secured by the deed of trust and, therefore, could not enforce the lien rights represented by the deed of trust.

Nationstar was served with the suit, but it failed to answer or otherwise appear. Turtle Creek filed a motion for entry of default judgment with a supporting affidavit. The trial court signed a default judgment declaring: Turtle Creek was the owner of the Condominium; Turtle Creek's title was not subject to any lien or encumbrance, save for taxes and assessments; Nationstar owned no interest in the Condominium; and Nationstar's deed of trust was "hereby terminated, discharged and unenforceable." Nationstar did not file any post-trial motions or requests for findings of fact and conclusions of law, but it did timely file this restricted appeal.

A restricted appeal is available when (1) it is filed within six months after the trial court signed the judgment; (2) by a party to the suit; (3) who, either in person or through counsel, did not participate at trial and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004). Only the fourth element—whether error is apparent on the face of the record—is disputed in this appeal. In a restricted appeal, the face of the record consists of all papers on file in the appeal. *Texas Dep't of Pub. Safety v. Foster*, 398 S.W.3d 887, 890 (Tex. App.—Dallas 2013, no pet.).

In its first issue, Nationstar challenges both of Turtle Creek's grounds for declaratory judgment. Nationstar concedes that by failing to answer it admitted all facts properly pleaded in Turtle Creek's petition. *See Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009). Thus, Nationstar admitted the Declaration provides the assessment lien was superior to all but first mortgage liens. However, Nationstar contends Turtle Creek failed to allege additional facts that would establish the Declaration was the proper authority for determining priority of interests. Nationstar cites to the Uniform Condominium Act (the "Act"), and argues Turtle Creek's pleading is insufficient to establish that the Act does not govern this issue.

The Act provides that it governs a condominium in Texas if its declaration was recorded before January 1, 1994. TEX. PROP. CODE ANN. § 82.002(a) (West Supp. 2013). And when the Act governs, priority of a homeowners' association assessment lien is governed by section 82.113, which provides:

> The association's lien for assessments has priority over any other lien except:
>
>> (1) a lien for real property taxes and other governmental assessments or charges against the unit unless otherwise provided by Section 32.05, Tax Code;
>>
>> (2) a lien or encumbrance recorded before the declaration is recorded;
>>
>> (3) a first vendor's lien or first deed of trust lien recorded before the date on which the assessment sought to be enforced becomes delinquent under the declaration, bylaws, or rules; and
>>
>> (4) unless the declaration provides otherwise, a lien for construction of improvements to the unit or an assignment of the right to insurance proceeds on the unit if the lien or assignment is recorded or duly perfected before the date on which the assessment sought to be enforced becomes delinquent under the declaration, bylaws, or rules.

*Id.* § 82.113(b). Nationstar argues Turtle Creek's failure to plead the Declaration's filing date renders its pleading insufficient to support the court's declaratory judgment. The Declaration's filing date is the only specific fact Nationstar argues is necessary to, but absent from, Turtle Creek's pleadings.

Nationstar's argument fails for two reasons. Initially, the pleading's assertion that the Declaration governs priority of interests is not erroneous on its face. It is not incorrect standing alone, and no other assertion in the pleading contradicts it. The only way Turtle Creek's assertion could be proven erroneous is by introduction of evidence outside the record, and Nationstar may not offer such defensive evidence in a restricted appeal. *See Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) ("When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence."). Likewise, in the absence of evidence outside the record, Nationstar cannot establish that a different order of priority would be established under the Act. Proof of any of the four statutory exceptions to assessment-lien priority would require extrinsic evidence from Nationstar, which is not permitted in this restricted appeal. *See* TEX. PROP. CODE ANN. § 82.113(b); *Ginn*, 282 S.W.3d at 432.

Nationstar analogizes this case to one in which a plaintiff fails to plead facts establishing a duty owed by the defendant, or pleads facts that—on their face—negate a duty to the defendant. Such a pleading cannot support a default judgment. *See, e.g., Schieffer v. Patterson*, 440 S.W.2d 124, 126 (Tex. App.—Austin 1969, no writ); *see also Doubletree Hotels Corp. v. Person*, 122 S.W.3d 917, 921–922 (Tex. App.—Corpus Christi 2003, no pet.). But Turtle Creek pleaded a claim for declaratory judgment, offering two arguments for the declarations it sought. It was not, as Nationstar claims, impossible for the trial court to determine whether either of those arguments served as a basis for legal relief for Turtle Creek. The record before us establishes how Turtle Creek obtained its interest in the property, the nature of Nationstar's deed of trust, and the Declaration's resolution of the priority issue. On its face, the record contains no

ambiguity, contradiction, or misstatement of the law. We reject Nationstar's argument concerning the inadequacy of Turtle Creek's pleadings, and we conclude Turtle Creek's pleadings are sufficient to support the default judgment. Given this resolution, we need not address Turtle Creek's second argument for judgment, i.e., the fact that Nationstar no longer owns or holds the note secured by the deed of trust. We decide Nationstar's first issue against it.

In its second issue, Nationstar argues that Turtle Creek misnamed itself in the caption of this lawsuit and, therefore, the default judgment should be reversed. Nationstar asks us to take judicial notice of an online document from the Dallas County Appraisal District. The document purportedly identifies Turtle Creek as "Turtle Creek 3883 #1816 Land Trust," rather than as "Turtle Creek 3838 #1816 Land Trust," the name used in this lawsuit. There is no misnomer apparent on the face of the record. We decline Nationstar's request to expand the record by taking judicial notice of evidence not properly before us in a restricted appeal.[1] Because the face of the record does not show misnomer, we need not address either whether Nationstar was misled, or what the effect of a misnomer would be on the default judgment. We decide Nationstar's second issue against it as well.

Nationstar has failed to identify error on the face of the record in this case. We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

121722F.P05

---

[1] Nationstar cites to *Norman Commc'ns, Inc. v. Tex. Eastman Co.*, 956 S.W.2d 68, 70–71 (Tex. App.—Tyler 1997), *rev'd in part on other grounds*, 955 S.W.2d 269 (Tex. 1997), in support of its request. But we see a clear distinction between taking judicial notice of the trial court's local rules, and taking judicial notice of an online record offered as defensive evidence.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NATIONSTAR MORTGAGE, LLC, F/K/A
CENTEX HOME EQUITY COMPANY,
LLC, Appellant

No. 05-12-01722-CV      V.

TURTLE CREEK 3838 #1816 LAND
TRUST, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-05443-A.
Opinion delivered by Justice Lewis.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee TURTLE CREEK 3838 #1816 LAND TRUST recover its
costs of this appeal from appellant NATIONSTAR MORTGAGE, LLC, F/K/A CENTEX
HOME EQUITY COMPANY, LLC.

Judgment entered this 30th day of April, 2014.

/David Lewis/
DAVID LEWIS
JUSTICE