**WARNER ELECTRIC BRAKE & CLUTCH COMPANY, Appellant,**

v.

**BESSEMER FORGING COMPANY, Appellee.**

No. 16169.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 3, 1961.

Rehearing Denied March 3, 1961.

Ungerman, Hill, Ungerman & Angrist, M. E. Clough, Fort Worth, for appellant.

Walker, Day & Harris, Philip R. Bishop, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is an appeal from a summary judgment. The questions involved are: first, whether the order from which appeal was sought to be taken was interlocutory in character and for that reason not presently appealable,—and second, in the event the order was a final and appealable judgment,

was there or not any fact issue made as to whether the transaction sued upon by the plaintiff Company was interstate commerce.

It is our conclusion that the answers to both questions are those in accord with the contentions of the appellant, plaintiff in the trial court.

Judgment reversed and the cause remanded.

At the outset we are confronted with an appellee's motion to dismiss the appeal on the ground that there was no order of severance entered by the trial court, and that the circumstances amount to no more than a partial summary judgment, which would be interlocutory only and could not be treated as a final judgment for purposes of appeal until appellee's pending cross-action had been disposed of.

It is true that the trial court never entered any formal order of severance. However, the order which was entered after hearing appellee's motion for summary judgment was one which read: "It is accordingly ordered, adjudged and decreed that Plaintiff take nothing of Defendant, and that said Defendant go hence with its costs without day."

■ It is said in Pierce v. Reynolds, Tex.1959, 329 S.W.2d 76, 77, that "Even when all issues involved in an independent and severable cause of action are determined thereby (order granting summary judgment), the order is not appealabe unless a severance is granted by the trial court." It is noted in 1 C.J.S. Actions § 120, Proceedings for Severance, a. In General, p. 1384, that a court order *should* be made to effect a severance, but that where all the parties unite in treating the action as severed, the absence of such an order is not a fatal irregularity. Further, that where a cause of action is severable and the parties may be severally liable, the dismissal of the complaint as to one of the defendants may be regarded as a severance. Paul v. Houston Oil Co. of Texas,

Tex.Civ.App., Waco 1948, 211 S.W.2d 345, writ refused n. r. e.

■ We are of the opinion that when the trial court entered the order, in the language of a final judgment which left pending for trial no part of the appellant's cause of action for which it brought suit, the judgment should be regarded as one whereby the entire cause of action of the appellant was ended as merged into final judgment along with a constructive *legal* severance from that subsisting cause of action of the appellee made the basis of a cross-action. Based upon applicable legal tests, we hold the judgment to be final and appealable and not interlocutory. 30A Am.Jur., p. 240, "Judgments", sec. 121, "Final and Interlocutory". Where the consummated action of a trial court amounts to a severance, an appellate court should not deny that fact merely because the trial court neglected to enter an "order of severance". The situation would not have been altered had the order been one which dismissed appellant's cause of action. Appellee's motion to dismiss the appeal is denied.

■ The primary contention upon which appellant's appeal is predicated is that the trial court tried an issue of fact. The issue was whether or not the *very* transactions underlying the debt sued upon by appellant's action of sworn account were intrastate transactions or were interstate transactions. Although we may observe evidence in the record which might support a finding that the appellant did engage in intrastate business activity, the evidence is not such as would warrant a trial court to hold as a matter of law that the transactions *upon which appellant founded its cause of action* were intrastate transactions. If they constituted interstate transactions, or, if an issue of fact was raised as to whether they constituted interstate transactions, no proper summary judgment could be entered.

■ Appellant was a foreign corporation which had no license or permit to do

business in Texas, and was prohibited from bringing and prosecuting suit in the courts of this State upon any transaction which was an intrastate transaction by the provisions of statute. See 3A V.A.T.S., Business Corporation Act, Art. 8.18, "Transacting Business Without Certificate of Authority", and Art. 8.01, "Admission of Foreign Corporation". We view the decisions applicable to the circumstances of the case before us as supporting the right of a foreign corporation to sue upon a transaction which was interstate in character despite the fact that it might have engaged in intrastate transactions at about the same time upon which any right to sue in the state courts would be inhibited by the provisions of law. 11–A Tex.Jur., p. 190, "Corporations", sec. 752, " * * * —Interstate Transactions" (14 Tex.Jur.2d p. 707, sec. 617, under "Corporations").

Summary judgment is reversed and the cause remanded for a trial on the merits.