**W. H. ALFORD, Appellant,**

v.

**FIRST NATIONAL BANK IN DALLAS, Appellee.**

No. 15943.

Court of Civil Appeals of Texas.

Dallas.

May 12, 1961.

Rehearing Denied July 21, 1961.

Ivan Irwin, Sr., Dallas, for appellant.

Coke & Coke, and J. Edwin Fleming, Dallas, for appellee.

DIXON, Chief Justice.

On May 12, 1961, without an opinion, we sustained a motion by appellee and dismissed this appeal on the grounds that (1) the order appealed from is not a final judgment within the meaning of Art. 2249, Vernon's Ann.Civ.St., nor (2) does it come within the class of interlocutory orders from which an appeal is allowed under Art. 2250, V.A.C.S.

On March 4, 1959 appellee filed suit against appellant W. H. Alford on two promissory notes, one in the amount of

$107,378.27, the other in the amount. of $25,000.

In his amended answer appellant alleged defenses of failure of consideration, partial failure of consideration, fraud in inducing execution, payment, misapplication of credits, compromise and settlement, waiver and estoppel, release and res adjudicata.

On August 12, 1960 on appellant's motion the trial court pursuant to Rule 174, Texas Rules of Civil Procedure, entered an order severing the defensive issues of compromise and settlement, waiver and estoppel, release and res adjudicata and set a separate trial on said issues for August 29, 1960.

On the above date trial before the court was had as to the named defensive issues only, and on December 30, 1960 the court signed an order the material parts of which are as follows:

"It is hereby ordered, adjudged and decreed that the Defendant's motion for judgment based upon the pleas of compromise and settlement, waiver and estoppel, release and res adjudicata, such pleas being contained in paragraphs 7, 8, 9, 10, 11, 12 and 13 of Defendant's First Amended Original Petition, be, and the same are hereby, denied and overruled to which action of the court the Defendant excepts, and gives notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas."

It will be noted that the above order does not undertake to dispose of the parties in the litigation, or the cause of action itself. There has been no judgment of dismissal and no order granting judgment in favor of appellee on the promissory notes. There has been no adjudication of the other defensive issues raised by appellant. Appellee alleges (and the record shows nothing to the contrary) that Cause No. 42,-592–A, First National Bank in Dallas v. W. H. Alford, appellant's suit on the note, is still pending and untried.

Of course the issues tried separately on August 29, 1960 would have been decisive of the whole case had they been decided in favor of appellant. The court could then have rendered a final judgment in favor of appellant that appellee take nothing. But the issues tried separately were all decided in favor of appellee, therefore were not decisive of the cause of action. There are other defensive issues which were not disposed of at the hearing on August 29, 1960 and they must be disposed of before a final judgment can be entered. The judgment here does not purport to be a final judgment as was the case in Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76; Warner Electric Brake & Clutch Co. v. Bessemer Forging Co., Tex.Civ.App., 343 S.W.2d 471, and other cases cited by appellant.

The motion for rehearing is overruled.