**M. D. WALL et al., Appellants,**

v.

**YOUNG COUNTY LUMBER COMPANY,**
**Appellee.**

No. 16403.

Court of Civil Appeals of Texas.

Fort Worth.

May 3, 1963.

Rehearing Denied June 21, 1963.

Nelson, Montgomery & Robertson and Allan D. Montgomery, Wichita Falls, for appellants.

Jennings, Montgomery & Dies and Frank Jennings, Graham, for appellee.

MASSEY, Chief Justice.

This case is companion to Evans et al. v. Young County Lumber Company, Tex.Civ. App., 368 S.W.2d 783, opinion in which is

handed down simultaneously herewith.

In the trial court the docket number of this case was No. 14,406. The judgment in the aforesaid companion appeal (which at time of trial below bore trial court docket No. 14,654) was based upon that part of the judgment here under review which was "interlocutory" (entered October 27, 1960). Therein we so hold, and further that no valid process could be founded thereon because the "interlocutory" judgment could not be treated as final until it became appealable upon the entry of the subsequent judgment on May 21, 1962.

Judgment as so finally entered on May 21, 1962, became one for plaintiff Young County Lumber Company. Thereby plaintiff was awarded equitable title to, and the right to possession of, a certain parcel of real estate in Young County—as against defendants M. D. Wall, Don Bryce, and Lakeland Lumber and Construction Company, and also—solely as against the defendant Wall— was awarded a personal judgment in the amount of $27,612.54 plus interest thereon from October 27, 1960. It is obvious from the record that if the judgment is to be reformed and affirmed the personal judgment against Wall in the amount of $27,-612.54 should be increased to $28,812.54, plus interest thereon from October 27, 1960. This result is proper because if plaintiff is not entitled to any judgment in Trespass to Try Title the $1,200.00 was erroneously credited against Wall's personal liability.

We do so reform and affirm the personal judgment. Judgment in Trespass to Try Title is reversed.

We will not here discuss the basis for our treatment of the 1960 trial as having been "interlocutory", because thereby was merely concluded a "severed issue" of sworn account in a single suit, following which an issue remained to be tried, to-wit: a Trespass to Try Title issue. For an understanding thereof resort must be had to the companion case of Bill Jack Evans et al. v. Young County Lumber Company. Conclusions upon which we reverse the Trespass

to Try Title part of the judgment below would have like application and justify a like reversal had we reached the opposite conclusion, i. e., that there was a "severance" of the case into separate suits. This is clarified in our discussion to follow.

It is highly interesting to note that on the trial of the "severed issues", culminating in the judgment on May 21, 1962, the attorneys on both sides temporarily labored under the erroneous impression that the interlocutory decree of October 27, 1960, was not a part of the final judgment thereby entered, although it appeared that the judge so considered it for a $1,200.00 credit was declared applicable thereto in view of the entry of the decree awarding plaintiff title to the lot (that $1,200.00 of the account had been used to purchase). That the attorneys for plaintiff had such an erroneous belief is obvious from a reference to the companion opinion. That the attorneys for defendants Wall, Bryce and Lakeland believed likewise and that it was solely a judgment in Trespass to Try Title case from which they appealed is obvious when it is noted that they not only filed a cost but also a supersedeas bond in the amount of $1,750.00.

We will here make an abbreviated statement as applied to the appeal under examination. During 1959 plaintiff Lumber Company was in the lumber and material business in Graham, Texas, doing business with defendant M. D. Wall, a person engaging in "speculative building". Don Bryce was the manager for the plaintiff. Pursuant to the business being done, Wall's indebtedness to the company immediately prior to October 17, 1959 had become $6,000.81. On that date plaintiff, through the act of Bryce, advanced $6,000.00 in cash to Wall making the balance of the amount $12,000.81. The greater part of this "advancement" was used by Wall to purchase vacant lots upon which he planned to build houses. One of these lots was purchased by use of $1,200.00 out of the "advancement". This was the parcel of real estate to which the plaintiff was decreed title by the judgment of May 21, 1962, on account of which the appeal was taken.

We advert to the matter of Wall's "account" with plaintiff. It is noted that when the $6,000.00 was advanced to Wall on October 17, 1959 the books reflected that there had been similar advancements on earlier occasions. Evidence in the record established, as to Bryce, that the plaintiff's directors had instructed him shortly prior to October 17, 1959 to make no further cash advancements to Wall. The record reflects no testimony to the effect that Wall knew of such instruction. There is testimony that Wall did not know about it. In any event, after October 17, 1959 several other similar "advancements", in varying amounts, were also made to him by Bryce, acting for plaintiff. Further, the account shows that nearly every week credits in varying amounts were placed on the account record, obviously as Wall would make payments to be applied thereon. By November 9, 1959 Wall had made payments thereon which amounted to at least $18,797.30. If the payments so made were properly creditable to the oldest part of the account it is obvious that the $12,000.81, owing as of October 17, 1959, would have been fully paid. As a matter of fact, in view of purchases made on Wall's credit in the intervening period, plus some rather insignificant additional "advancements" made to him, the balance owing on the account as of November 9, 1959 was $7,479.61.

In November of 1959 Wall was "advanced" $9,000.00, with other "advancements" on December 8 and 15 amounting to $6,000.00. This $15,000.00 operated to make up a part of a $24,808.46 balance owing by him on February 5, 1960. Essentially the "difference" constituted charges made for lumber and materials. Plaintiff went out of business in January of 1960.

Bryce lost his job, but through an agreement with Wall the two organized a corporation called the Lakeland Lumber and Construction Company. Lakeland did not last long. There is a question about whether it was the *alter ego* of Wall, but this is immaterial in view of conclusions in our discussion. Lakeland was involved in the

case as applied to Trespass to Try Title and *not* as applied to the account phase. The same thing is true as to Bryce, and although our disposition of the case on appeal is primarily predicated upon grounds which relieve all the defendants from any liability in the Trespass to Try Title phase, Bryce would be relieved in any event for he was never connected with the title which is the subject of dispute.

In June, 1960 the plaintiff brought its suit. There were additional defendants named in the suit. They were interested and involved only in the event plaintiff be found entitled to prevail on the first count therein which involved a cause of action on sworn account against M. D. Wall. Counts in the suit other than that on sworn account against Wall, included that in Trespass to Try Title against Wall, Bryce, and Lakeland. No other defendant was involved in the Trespass to Try Title count. We are able, therefore, for purposes of this appeal, to treat the suit of plaintiff as involving only two counts, the first being that in sworn account against Wall, and the second that in Trespass to Try Title against Wall, Lakeland, and Bryce. In the discussion to follow we will, therefore, completely ignore those other counts in plaintiff's suit, as originally filed, which involve other defendants.

Prior to the trial of the sworn account phase, the trial court on motion of the plaintiff, entered an order directing that it be determined in a "separate trial", before trial of the Trespass to Try Title phase. We hold the order to have amounted, in law, to one which directed a "separate trial" of the issue on sworn account from the issue in Trespass to Try Title within the contemplation and provisions of Texas Rules of Civil Procedure 174, "Consolidation; Separate Trials".

In the trial of the issue of sworn account plaintiff proceeded upon the theory that it would establish the account, and if successful in so doing would upon the trial of the Trespass to Try Title issue, show that $1,200.00 out of the cash "advancement" of

$6,000.00 on October 17, 1959 should be treated as having constituted its own funds (rather than those of Wall) which went into the purchase of the lot in question, by reason of which it was entitled to have its title engrafted thereon under an equitable trust theory. If successful on both trials, it was the intention of plaintiff to "credit" $1,200.00 against the recovery in the decree entered following trial of the sworn account issues. Plaintiff would either have two judgments or a dual type of judgment, in part a personal judgment against Wall for money due on sworn account, and in part a judgment *in rem* for title to real estate.

A basic fallacy in the theory under which plaintiff alleged its case and conducted trial of the issue in Trespass to Try Title lay in the fact that upon the prior trial of the issue of sworn account it had proceeded with unqualified sworn pleadings binding it (in view of its recovery thereunder) to treat the entire $6,000.00 "advancement" of October 17, 1959 as an integral part of the whole of the items going to make up the account upon which its suit was prosecuted. To do so, and later contend that the $6,000.00 or any part thereof was money or property as to which it always retained "title" and ownership would in our opinion necessarily be inconsistent with the sworn allegations upon which the antecedent trial of the account phase was conducted.

■ We are of the opinion, and therefore hold, that plaintiff Young County Lumber Company was "judicially estopped" from any contention, during the course of the 1962 "separate trial" on Trespass to Try Title, (1) that the credits shown on Wall's sworn account (upon which the 1960 "separate trial" was conducted) were not properly applicable to the oldest part of the account sued upon,—and (2) from the contention that *title* to the advancements in cash thereon shown along with the charges or advancements for material (as to which there is no question but that *title* vested in Wall) had not passed. We hold that the $6,000.00 became a mere indebtedness

owing by Wall to plaintiff exactly as did the charges made against Wall on the account for material plaintiff sold to him.

In the trial of the issues on the action of sworn account, the verified "account" of plaintiff was one upon which plaintiff declared by its suit in which it was alleged: " * * * (Plaintiff) at the special instance and request of defendant M. D. Wall, sold and delivered to said defendant certain goods, wares, merchandise and material, and advanced said defendant certain sums of money, in consideration of which said defendant then and there promised to pay to plaintiff the several sums of money charged * * * and the sums of money so advanced."

■ Plaintiff obtained the 1960 judgment, albeit *interlocutory,* upon its suit as same obtained in sworn account. Therefore it necessarily took a positive position, and supported that position by its sworn statement. The position was necessarily one by which plaintiff asserted that Wall owed it a debt which included the $6,000.00 advanced on October 17, 1959. Thereby plaintiff became "judicially estopped" from contrarily maintaining during the course of the 1962 trial that any part of the "advancement" was its own funds which went into the $1,200.00 purchase price of the lot in the absence of proof that its contentions on the trial in 1960 were made inadvertently, or by mistake, fraud, or duress. See 22 Tex.Jur.2d, p. 689, "Estoppel", § 18, "Judicial estoppel"; 11 S.W. Law Journal 96, "Procedure—Judicial Estoppel—Sworn Statements", and the article in 8 Baylor Law Review 41, therein referred to. By the doctrine of "Judicial Estoppel" a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary of the assertion later sought to be made. Long v. Knox, 1956, 155 Tex. 581, 291 S.W. 2d 292.

■ For the same reasons the amounts paid by Wall to the plaintiff and credited against the account, before plaintiff made any declaration and demand thereon, should, as of the time of each payment, be credited against the oldest part of the account. References to the account reveals that if such be treated as having been done, the entire $6,000.00 had been repaid long prior to the time when plaintiff stopped the account and demanded payment. To so credit Wall's account would of course be in accordance with the general rule, even without application made of the doctrine of judicial estoppel, applicable where the debtor has not directed that his payments be otherwise credited. There was no circumstance existent in the present case which would alter such general rule and there was no direction ever made as to any mode of crediting Wall's account.

We have examined all the points presented but do not believe it necessary to enlarge our discussion. We sustain the points. By so doing we are left with a case in which plaintiff is entitled to its personal judgment against Wall, but in an amount greater than that recited by the final judgment. The occasion therefor is because the $1,200.00 was erroneously credited upon the 1960 "interlocutory" judgment at time of the judgment entry on May 21, 1962. Obviously it was erroneously so credited under the trial court's mistaken opinion that plaintiff was entitled to prevail on the Trespass to Try Title count. It is proper that we correct this error.

We reform the judgment so as to make it a personal judgment in behalf of plaintiff Young County Lumber Company against M. D. Wall in the amount of $28,812.54, plus interest thereon from October 27, 1960. In so far as the judgment grants other or alternative relief *in rem* or against M. D. Wall, Don Bryce, and Lakeland Lumber and Construction Company, the same is reversed and a judgment rendered that plaintiff take nothing.

All costs other than those accrued against M. D. Wall as of time of the "interlocutory" judgment of October 27, 1960, are taxed against Young County Lumber Company.