**Bill Jack EVANS et al., Appellants,**

v.

**YOUNG COUNTY LUMBER COMPANY, Appellee.**

**No. 16427.**

Court of Civil Appeals of Texas.

Fort Worth.

May 31, 1963.

Nelson, Montgomery & Robertson and Charles B. Russell, Jr., Wichita Falls, for appellants.

Jennings, Montgomery & Dies and Frank Jennings, Graham, for appellee.

MASSEY, Chief Justice.

Our opinion in this case, filed under date of May 3, 1963, is withdrawn and the following substituted therefor.

This case is companion to Wall et al. v. Young County Lumber Company, Tex.Civ. App., 368 S.W.2d 789 our opinion in which was handed down May 3, 1963. Defendants having the material interest in the instant case are Bill Jack Evans and The First National Bank of Bowie, Texas.

In the oral presentation of argument in the two cases, attorneys in both represented and agreed that the cases could and should be considered at the same time. The judgment under examination grew out of the litigation in said companion case and is supported, if at all, by the judgment or judgments therein entered. We deem it particularly important so to mention for much omitted from the transcript in the instant case may be found in the transcript of that to which it is companion. In view of the representations and agreement of the attorneys, we have, in our work upon the instant opinion, referred to and considered as part of the record before us instruments in the other transcript. We have not directed the clerk of the trial court to bring up said instruments in a supplemental transcript, believing that such a requirement would occasion needless expense under the circumstances, and furthermore aware that the parties would be entitled to file such a supplemental transcript at a later time if subsequent developments indicate any necessity.

Judgment in the instant case (given the number 14,654 in the trial court) was one by which the trial court *declared* that when title to three certain lots and parcels of land was apparently conveyed from one

Oswalt to Lakeland Lumber and Construction Company, by deed dated July 29, 1960, the actual grantee under legal and equitable principles was M. D. Wall, the *alter ego* of Lakeland. Further, that since Young County Lumber Company, plaintiff, had on October 27, 1960, obtained a personal judgment against M. D. Wall in the principal sum of $28,812.54 (in the same district court) in Cause No. 14,406, styled Young County Lumber Company v. M. D. Wall,— abstract of which judgment having been recorded on October 27, 1960, in Vol. 11, p. 281, Abstract of Judgment Records of Young County,—a valid judgment lien then and there became fixed upon said real property aforedescribed and as to which plaintiff's *lis pendens* notice had been placed of record when its suit was filed; and that the lien of said plaintiff having become then and thereby fixed, and encumbering said real property, was prior and superior to the liens against the same property claimed by defendants Bill Jack Evans and The First National Bank of Bowie, Texas. The judgment also declared that plaintiff Young County Lumber Company was entitled to issuance and levy of execution upon the three lots pursuant to the judgment it had obtained and recorded on October 27, 1960. In part, the judgment was *declaratory*, and in part was *quasi in rem* as fixing the status *inter se* of the priority of the parties' liens on realty.

From said judgment the defendants appealed.

Judgment is reversed and the cause remanded.

We have become convinced that the "judgment" which was entered under date of October 27, 1960, in Cause No. 14,406 could not under any theory have become a "final judgment" prior to date of May 21, 1962, when another "judgment" was entered under the same cause so docketed, numbered and styled upon completion of the trial of issues on the Trespass to Try Title phase of plaintiff's suit. Furthermore, an appeal was perfected from the

"judgment" in Cause No. 14,406, entered May 21, 1962, with a supersedeas bond as well as a cost bond filed. Our opinion in said case is the one companion hereto, being this day published and styled as Wall et al. v. Young County Lumber Company. We need not dwell upon the question of whether the trial court judgment in Cause No. 14,406 had ever become final and appealable, for in so far as requisite for the purposes of our disposition of the instant appeal a treatment of it as having become final as of the date of its entry on May 21, 1962 would nevertheless be subsequent to the time of the conduct of the trial considered on the instant appeal. For convenience it will generally be so treated. Judgment therein was entered several weeks after the time of this trial, but we believe this to be of no consequence, the time of the trial being of paramount importance.

Judgment on the instant appeal (in Cause No. 14,654) was entered June 15, 1962. It followed and was pursuant to trial begun on April 23, 1962, with the jury's verdict therein returned on May 11, 1962. Propriety of conduct of the trial and of any judgment rendered on the verdict returned therein was necessarily predicated upon the "finality" of that judgment in Cause No. 14,406 which was entered on October 27, 1960. This is so because the trial of the case before us on this appeal was held upon the theory that a judgment lien had attached upon the three lots perforce the judgment on October 27, 1960. No lien could have attached if said judgment was "interlocutory". The first "judgment" was placed of record in the Abstract of Judgment Records of Young County on October 27, 1960. We do not know that the later judgment in Cause No. 14,406 was ever recorded.

Subject matter, or an integral part thereof, of plaintiff's cause of action tried in Cause No. 14,654 was the "finality" of the judgment entered on October 27, 1960, for the subsequent trial was of a suit

based on that judgment. If that judgment was interlocutory rather than final, and the fact was so shown on its face, it would in Texas be treated as a judgment which was void on its face, or as no judgment at all. No court has jurisdiction to enter a valid decree based upon such a void judgment for it constitutes subject matter of which no court has jurisdiction so long as its void character persists, and having no authority to base orders or judgments thereon under any circumstances, any such that a court does purport to make or render are null and void. They may be collaterally attacked in any court and at any time, including a time after appeal is perfected. Black on Judgments, p. 347, "Collateral Impeachment of Judgments", § 278, "Judgment Void on its Face may be Attacked collaterally"; Withers v. Patterson, 1864, 27 Tex. 491, 498; Frankel v. Satterfield, 1890 (Del.), 19 A. 898. See also Restatement of the Law, Judgments, p. 65, "Validity of Judgments", § 11, "Collateral Attack"; 49 C.J.S. Judgments § 20, Matured Cause of Action p. 51; Morrow v. Corbin, 1933, 122 Tex. 553, 62 S.W.2d 641. See also 30A Am.Jur., "Judgments", § 863, "(Grounds for Collateral Attack)—Generally", § 912, "Necessity of Valid Judgment", § 939, "Finality of Judgment", § 944, "(Validity of Judgment)—Generally", and § 945, "Jurisdiction".

Our conclusion that the October 27, 1960 decree was an "interlocutory" judgment, and as such an inadequate foundation for any judgment lien for the party in whose favor it was entered, proper only to be treated as a judgment void on its face, depends upon an examination and analysis of the occasion for its entry in the first instance, its form and substance, the effect given it by the court and the parties affected thereby, and the form and substance of the judgment in the same cause thereafter entered on May 21, 1962.

In our Rules of Civil Procedure there are two which have an important bearing, one or the other of which will control our decision in the case. One is Rule 174,

"Consolidation; Separate Trials", which in our opinion is the Rule having application to the case. The other is Rule 41, "Misjoinder and Non-Joinder of Parties". We do not believe that Rule 41 has any application to the case. In our analysis we had occasion to resort rather extensively to 36 Tex.Law Review, p. 339 et seq., an article entitled "Severance and Separate Trial in Texas" by Robert A. Hall. The author of this opinion is fully in accord with those portions of the article having application to the narrow question necessary to be determined on the appeal. Also examined and considered was 30A Am.Jur., p. 240, "Judgments", § 121, "Final and Interlocutory", upon which this court relied in the decision of Warner Electric Brake & Clutch Co. v. Bessemer Forging Co., Tex. Civ.App.1961, 343 S.W.2d 471, writ ref., n. r. e.

In Warner Electric Brake, supra, it was the appellant's cause of action which was adjudicated and we held that where the language of the judgment left pending for trial no part of the cause of action of the appellant, the judgment should be regarded as one whereby the entire cause of action of the appellant was ended as merged into final judgment. Conversely, we believe and hold that where it is the appellee's cause of action which is adjudicated, but where in the adjudication there is left pending for trial some part of the cause of action of the appellee, which trial has not occurred, then the judgment which has been rendered should *not* be regarded as one whereby the entire cause of action of said appellee has been ended as merged into final judgment. Such a rule would have particular application in a case, such as that under consideration, where damages or other amounts due the plaintiff are unliquidated, or are conditional or contingent upon the outcome of another trial.

In Cause No. 14,406 the judgment (which we hold to have been interlocutory) entered on October 27, 1960 decreed Wall's personal liability to plaintiff in the amount

of $28,812.54. The trial which culminated in the decree for such recovery was begun before a jury on October 24, 1960, and support for the decree is to be found in the jury's verdict. Said trial was a "separate trial" of a portion of the cause of action of the plaintiff, Young County Lumber Company against M. D. Wall, whereby there was sought to be established plaintiff's cause of action in sworn account against Wall alone. Order for such separate trial was entered by the court on the day the trial began pursuant to plaintiff's motion therefor, a part whereof reading as follows: "The materiality of Second, Third and Fourth Counts of plaintiff's first amended original petition are contingent upon the outcome of First Count. Defendant M. D. Wall has disputed the amount of the debt sued upon by plaintiff and has stated under oath that when the amount thereof is determined with certainty he is ready, willing and able to pay the same. In that event, Second, Third and Fourth Counts will become immaterial and can be dismissed." Plaintiff further predicated its motion upon the representation that the trial of all the counts together would result in an exceedingly complicated and prolonged trial, of considerable useless expense to parties (to the suit) other than Wall who had no interest in any trial on the issue of Wall's debt, etc. In the prayer of the motion plaintiff requested: " * * * that in furtherance of convenience and to avoid prejudice, the court order a separate trial of the issues involved in First Count * * * before the trial of the issues involved in Second, Third and Fourth Counts. * * *" Order of the trial court was in accord. The order did not intimate that the court intended any severance of causes of action within the contemplation of the aforementioned Rule 41.

The Third Count of plaintiff's original suit was against not only Wall but furthermore, by and through Wall, against the Lakeland Lumber and Construction Company, a corporation, which plaintiff contends was Wall's *alter ego*. It was also against one Don Bryce. Bryce had advanced $6,000.00 to Wall against specific instructions of the plaintiff. Bryce's employer at the time, in what appeared to be a continuation of the business practices of plaintiff with Wall whereby the latter not only obtained "advancements" of cash by use of which he bought lots to be used in his business of "speculative" residential construction, but also obtained on credit the lumber and materials used to construct the residences. By use of $1,200.00 out of the aforesaid $6,000.00 Wall purchased a certain lot in Young County, title to which was later transferred to Lakeland Lumber and Construction Company, a part of the stock in which (or entitlement thereto) was transferred to Bryce. All this is discussed in the companion appeal heretofore mentioned.

It is obvious that plaintiff preferred to have a judgment in Trespass to Try Title (form of action in Count Three of plaintiff's original suit) which would declare it the owner of the lot and improvements thereon if any. It is furthermore obvious that if plaintiff could show itself entitled to obtain title to the lot by its Trespass to Try Title Suit, a condition thereof would be to credit the amount theretofore awarded, by the decree of October 27, 1960, with the sum of $1,200.00 which went into the lot. Plaintiff could not be entitled to both the lot and also to the $1,200.00 as a part of the total amount decreed as the personal indebtedness owed by Wall under the judgment of October 27, 1960. Alternatively, however, plaintiff would surely be entitled to a personal judgment against Wall for the $1,200.00 if it could not prevail on the Trespass to Try Title Count.

Pursuant to further motions for "separate trial" of the remaining "Counts" in plaintiff's original suit, after trial of the First Count, orders having been entered in its behalf granting the same, the count in Trespass to Try Title was ordered tried separately from the Fourth Count. Not all the counts in plaintiff's original suit have

been tried. The suit by reason of which the appeal is before us was separately filed.

■ Of paramount importance to our proper disposition of the appeal is the propriety of the trial of the suit, as of the time the same was conducted, in that propriety thereof was necessarily predicated upon a judgment which was either final, or conversely interlocutory, and by reason thereof the lien purportedly fixed upon the subject property was accordingly either valid or void. In the determination of such propriety we believe that the questions involved are to be resolved by deciding whether the trial of Count 3 of plaintiff's original suit, the Trespass to Try Title suit, should be treated as a "separate trial" under Rule 174 or as the trial of "a severed cause of action" under Rule 41 in relation to the antecedent trial of Count 1, the suit to establish Wall's personal liability on an account. Our decision is that it was a "separate trial" and not a trial of "a separate cause of action".

The "separate trial" of the Trespass to Try Title issue was conducted before the court without a jury. This trial began on April 19, 1962. Judgment was entered on May 21, 1962. Thereunder the plaintiff Lumber Company was awarded title and right to possession of the lot in question. Interesting is the part of the judgment which additionally provided as follows: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that the money judgment entered in favor of plaintiff Young County Lumber Company against defendant M. D. Wall in the trial of the FIRST COUNT of this suit dated October 27, 1960, be credited in the sum of Twelve Hundred Dollars ($1200), such being the amount of the funds belonging to plaintiff and used by said defendant in the purchase of the above described parcel of real estate." We conclude that the judgment decree of October 27, 1960 was for an "unliquidated" amount; that by the subsequent judgment decree of

May 21, 1962 the amount formerly "unliquidated" was "liquidated" and established, not as stated in the October 27, 1960 decree but certainly in an amount at least $1,200.00 less than the amount therein recited. Plaintiff's "entire cause of action" against M. D. Wall could not be regarded as ended, and merged into final judgment, until both counts (Count 1 and Count 3) had been tried. If we are correct it is certain that plaintiff's judgment of October 27, 1960 was not "final" at the time of the trial from which the defendants have perfected this appeal.

From Mr. Hall's article in 36 Tex.Law Review 339 it is stated that in order for a severance to be had under Rule 41 so that there will be two or more separate and distinct causes of action, each of which might constitute a complete lawsuit within itself, with separate final judgments resulting, it is requisite that: (1) There must be a controversy involving more than one cause of action. (2) The cause severed must be such that it could be the proper subject of a lawsuit were it the only claim involved in the controversy. (3) The causes sought to be severed must not be so interwoven as to involve the same identical facts and issues nor, in certain instances, may the causes be severed if they relate to the same subject matter. However, a *separate trial* may be held under Rule 174 subject to the following considerations: (1) The controversy must involve more than one issue. (2) The issue which is carved out does not have to be capable of being the subject of a separate and independent lawsuit. (3) The issues must not be so interwoven as to require the same witnesses and proof of identical facts.

Mr. Hall further states: The terms (*severance* and *separate trial*(s)) are distinguished from each other in that (1) a severance requires the existence of more than one complete cause of action in a controversy while a separate trial does not. The separate trial merely requires the existence of more than one issue. (2) A severance of an action splits the lawsuit

into two or more suits which terminate in two or more separate judgments, but a separate trial of issues does not have that effect. (3) Although a severance can remedy the misjoinder of parties or actions, a separate trial of issues is not designed to accomplish this purpose. (4) The disposition of a severed cause of action may be a final judgment which may be enforced or appealed, but the termination of a separate trial of issues is evidenced by an interlocutory order of the court which is not a final judgment and from which no appeal lies.

Being convinced of the propriety thereof we hold that: (1) The decree of October 27, 1960, in Cause No. 14,406 in the District Court of Young County, based upon the trial of the issue of the indebtedness of M. D. Wall to the plaintiff could not have become final prior to the entry in the same numbered and styled cause of the judgment decree dated May 21, 1962, based upon the trial of plaintiff's count in Trespass to Try Title,—because the two trials held and decisions thereof made in the two decrees constituted mere separate trials of issues in a single lawsuit upon which no legally final judgment was or could be considered to have been entered in the trial court prior to May 21, 1962. (2) The trial of the cause of action of plaintiff Young County Lumber Company against the defendants who have brought the instant appeal, having been held beginning April 23, 1962, with the jury's verdict returned on May 11, 1962, followed by judgment entered on June 15, 1962, was a trial of the case at a time prior to the time of any final (and appealable) judgment in Cause No. 14,406 upon the indebtedness of M. D. Wall to plaintiff. (3) The cause of action brought forward and complained of by defendants on the instant appeal was predicated upon the theory that plaintiff's judgment in Cause No. 14,406 was final at the time trial was held in April and May of 1962, and that plaintiff's judgment lien in Cause No. 14,406, abstracted on the theory that it had attached upon the property against which

the defendants held contractual liens, was prior and superior to the defendants' liens. (4) The cause of action was not ripe for trial at the time it was tried in that there had not been any final judgment in the case upon which the same was necessarily predicated, which case was pending on the docket of the trial court which tried the instant case, and said court did not have complete jurisdiction of the subject matter of the suit, nor could have except upon the finality of the judgment upon which the plaintiff's cause of action was founded and its jurisdiction to enter judgment contingent.

Judgment of the trial court is reversed and the cause remanded to the trial court for further proceedings not inconsistent with our opinion. We do not believe that the character of this case, on appeal, constitutes it a cause of action on which our proper order could be other than one which reverses and remands.