

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00059-CV

CHARLES GLEN HYDE, HYDE-WAY, INC.,
AND TEXAS AIR CLASSICS, APPELLANTS

V.

ROBERT "BOBBY" HAWK, APPELLEE

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 2013-20761-158, Honorable Steve Burgess, Presiding

May 2, 2016

## ORDER ON MOTION TO REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

We address here a pending motion filed by appellee Robert Hawk in an appeal originally filed in January 2014 by appellants Charles Glen Hyde, Hyde-Way, Inc., and Texas Air Classics (collectively, Hyde).[1]  Hyde appealed a final judgment in a suit brought by Hawk.

---

[1] The case was transferred from the Second Court of Appeals to our court, under an order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013); TEX. R. APP. P. 41.3 (precedent of transferor court).

Hawk's suit alleged he owns a lot and a residential hangar at the private airport Hyde owns and operates in Denton County. The pleadings describe disputes over Hawk's access to the airport's runway and taxiways, his lot's deed restrictions, and his entitlement to water supply to his lot. Hawk's suit sought declaratory and injunctive relief, as well as damages and attorney's fees. In April 2013, Hawk filed a traditional motion for partial summary judgment regarding his right to use of the runway and taxiways. After a hearing the next month, the trial court granted the motion and signed an order declaring a license for runway and taxiway use accompanies Hawk's lot. Hawk shortly thereafter filed a motion to sever his claim for a declaration regarding his runway and taxiway license from his remaining claims.[2] Hyde opposed the severance. In September, the court signed an order granting the motion to sever, and in October 2013, signed the final judgment currently on appeal.[3] After the severance, the remaining claims resided in the trial court's cause number 2012-20229-158; the severed claims, and thus the final judgment on appeal, were assigned cause number 2013-20761-158.

---

[2] The motion described his remaining claims as those for an injunction to bar Hyde from interfering with Hawk's exercise of the license, money damages arising from past interference, the dispute over the deed restriction on Hawk's lot and attorney's fees. He asserted they were separate and distinct claims from the license declaration claim, and asserted his desire for a final judgment on the license that he might record in the real property records.

[3] The judgment declares that the terms of the runway and taxiway license for Hawk's lot are set by a particular Addendum to the 1998 deed by which Hawk acquired the lot. The judgment further states that if it is "later determined that the Addendum does not set the license's terms for any reason, then [Hawk's lot] nonetheless has an easement for use of the runway and taxiways" under the 1995 deed from Hyde to Hawk's predecessor in title.

Hyde's appellants' brief was filed in early June 2014. Later that month Hawk filed a "motion to abate or stay the appeal," making us aware that the parties had signed a settlement agreement in February 2014. According to Hawk's motion, the settlement would resolve all issues in the pending appeal of the judgment in 2013-20761-158 and those in 2012-20229-158. The motion further advised us that Hyde withdrew consent to the settlement in March, and that Hawk filed pleadings in 2012-20229-158 in April, seeking to enforce the settlement. Hyde filed a response opposing Hawk's motion, but agreeing that the settlement agreement was signed and that Hyde had withdrawn consent to the settlement.

After obtaining and reviewing a supplemental clerk's record containing Hawk's April pleadings in 2012-20229-158, we granted Hawk's motion and abated the appeal in early August 2014. We cited *Mantas v. Fifth Court of Appeals,* 925 S.W.2d 656, 659 (Tex. 1996) (orig. proceeding), for the proposition that the parties and our court should not be required to expend resources on an appeal that might be rendered moot.[4] We directed Hawk to submit reports on the status of his suit to enforce the settlement.

After several continuances, a jury trial was conducted in 2012-20229-158 during late February and early March 2016. On March 11, Hawk filed the motion now before us, styled "expedited motion to remand," in which he advises us that the jury in 2012-20229-158 returned a verdict on March 3 "in favor of Hawk on all of his claims." As the result of the jury's verdict, the motion asserts, "after a remand and re-consolidation," the

---

[4] *Hyde v. Hawk,* No. 07-14-00059-CV, 2014 Tex. App. LEXIS 8726 (Tex. App.—Amarillo Aug. 7, 2014) (order of abatement).

3

matters are "ripe for entry of a final judgment and permanent injunction."[5] The motion makes no mention of Hawk's suit to enforce the 2014 settlement.[6] At our direction, Hyde filed a response to Hawk's motion to remand. Hyde opposes the motion as presented.

In his motion to remand, Hawk somewhat adopts a position Hyde asserted in the June 2014 appellants' brief, *viz,* that the trial court's severance order improperly divided a single cause of action. In the appellants' brief, Hyde relied on *Dalisa, Inc. v. Bradford,* 81 S.W.3d 876 (Tex. App.—Austin 2002, no pet.) In *Dalisa,* the appellate court found the trial court's severance order improper and vacated the order. Because the finality of the judgment for purposes of its appealability depended on the severance, the court then concluded no final judgment was before it and dismissed the appeal for want of jurisdiction. *Id.* at 882. Hyde asserted in the appellants' brief, and Hawk suggests in his expedited motion, that we should set aside the severance, follow *Dalisa,* and dismiss the appeal.

Hawk's motion to remand points out there is authority contrary to *Dalisa*'s reasoning that an erroneous severance deprives an appellate court of jurisdiction over an appeal of the judgment in the severed cause. Hawk is correct. Most significantly for

---

[5] Under long-standing Texas law, a severance splits a single suit into two or more independent actions, each action resulting in an appealable final judgment. *See, e.g., Aviation Composite Techs, Inc. v. CLB Corp.,* 131 S.W.3d 181, 188 (Tex. App.—Fort Worth 2004, no pet.) (citing *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W.2d 381, 383 (Tex. 1985).

[6] On March 28, at our request, Hawk filed a status report stating that trial in 2012-20229-158 included the claim to enforce the settlement agreement. The report continued, "The jury rendered a verdict on March 4, 2016, but [Hawk] has not elected his remedy and a judgment has not been entered."

our present purpose, the Fort Worth court of appeals is among the courts that has not adopted *Dalisa*'s rationale. *See Bird v. Lubricants, USA, LP*, No. 2-06-061-CV, 2007 Tex. App. LEXIS 7110, *7-8, n.8 (Tex. App.—Fort Worth August 31, 2007, pet. denied) (court had jurisdiction over appeal even assuming severance order was improper).[7] In this transferred case, we will follow the Fort Worth court's holding in *Bird*, and will not dismiss the appeal for lack of jurisdiction because of the severance order, even if it proves improper.

Rule 43.2 of the appellate rules sets out the types of judgments a court of appeals may issue. Rule 42.1 governs the means by which parties may bring about the voluntary dismissal of a civil appeal. TEX. R. APP. P. 43.2., 42.1. Neither rule permits us to remand an appealed judgment to the trial court merely on the motion of the appellee. Hawk's expedited motion to remand thus must be, and is, denied. Hawk's "motion to expedite consideration of appellee's motion to remand," filed April 7, 2016, is dismissed as moot.

We abated the appeal because it appeared the outcome of 2012-20229-158 might cause the appeal of the judgment in 2013-20761-158 to become moot. From the little information provided us concerning the outcome of trial in 2012-20229-158, we perceive such a possibility still exists. Accordingly, we will maintain the abatement of the appeal until June 15, 2016. *See Mantas*, 925 S.W.2d at 659; *Lutz v. Cont'l Airlines*,

---

[7] Our court also has recognized that such was the holding of the Texas Supreme Court in *Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76, 78-79 (1959). *See In re Thirty-Four Gambling Devices*, No. 07-04-0548-CV, 2006 Tex. App. LEXIS 775, *7 n.3 (Tex. App.—Amarillo January 30, 2006, no pet.). *See also Schieffer v. Patterson*, 433 S.W.2d 418, 419 (Tex. 1968) (quoting and applying *Pierce*).

5

No. 14-00-0771-CV, 2002 Tex. App. LEXIS 4477 (Tex. App.—Houston [14th Dist.] June 20, 2002, no pet.) (addressing similar circumstance).

It is so ordered.[8]

Per Curiam

---

[8] This day, Hawk has filed a reply to Hyde's response to Hawk's motion to remand. Nothing in the reply calls for a different ruling on Hawk's motion than is stated in this order.