# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON RECONSIDERATION EN BANC

## NO. 03-20-00058-CV

**Appellant, Christopher F. Bertucci, as Executor of The Estate of Anthony R. Bertucci, Deceased, and derivatively on behalf of American Affordable Homes & Properties, Inc.; American Affordable Homes, LP; Town Vista Development, LLC; Town Vista Terrace, Inc.; and MidCrowne Senior SLP, LLC // Cross-Appellant, Eugene L. Watkins, Jr.**

**v.**

**Appellee, Eugene L. Watkins, Jr. // Cross-Appellee, Christopher F. Bertucci, as Executor of The Estate of Anthony R. Bertucci, Deceased, and derivatively on behalf of American Affordable Homes & Properties, Inc.; American Affordable Homes, LP; Town Vista Development, LLC; Town Vista Terrace, Inc.; and MidCrowne Senior SLP, LLC**

## FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
## NO. C-1-PB-17-000937, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## O P I N I O N   A N D   O R D E R

We withdraw our opinions and judgment of January 28, 2022, and substitute the following opinions and judgment.

Appellant and cross-appellee Christopher F. Bertucci (the Executor), as executor of the estate of Anthony R. Bertucci, deceased, and derivatively on behalf of: American Affordable Homes & Properties, Inc. (AAHP); American Affordable Homes, LP (AAH); Town Vista Development, LLC (TVD); Town Vista Terrace, Inc. (TVT); and MidCrowne Senior SLP, LLC (MCS) (collectively, the Companies), filed a notice of appeal complaining of the probate

court's order granting summary judgment in favor of appellee and cross-appellant Eugene L. Watkins. Watkins cross-appealed from the court's order severing his claims against the Companies and transferring them back to the Travis County district court from which the cause was transferred upon Anthony's death. A panel of this Court held that the severance was improper, vacated the severance, and dismissed the appeal for want of jurisdiction. *See Bertucci v. Watkins*, No. 03-20-00058-CV, 2022 WL 261563 (Tex. App.—Austin Jan. 28, 2022, no pet. h.) (mem. op.) (citing *Dalisa, Inc. v. Bradford*, 81 S.W.3d 876 (Tex. App.—Austin 2002, no pet.)), *withdrawn*, __ S.W.3d __, 2022 WL __, at *1 (Tex. App.—Austin [date], no pet. h.). The parties then filed a joint motion for reconsideration en banc. *See* Tex. R. App. P. 49.7. This Court sitting en banc will overrule *Dalisa* and abate the appeal to allow the parties to obtain a final, appealable judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Watkins and Anthony formed a partnership to build low-income housing; that partnership eventually included the five Companies. Watkins and Anthony were limited partners of AAH and shareholders of its general partner, AAHP, and this suit began when entities handling the sale of AAH's property filed petitions in interpleader against AAH and AAHP in Travis County district court, seeking to deposit the sale proceeds into the court's registry. Watkins intervened, seeking a declaratory judgment as to his rights to some of the funds under the AAH partnership agreement. Watkins, individually and on behalf of AAH and AAHP, also filed claims against Anthony as a third-party defendant, seeking a declaration that the AAH partnership agreement requires the funds to be distributed to the limited partners. Anthony, individually and on behalf of the Companies, responded with claims against Watkins

2

for civil theft under the Texas Theft Liability Act (TTLA), *see* Tex. Civ. Prac. & Rem. Code §§ 134.001-.005; breach of fiduciary duties; breach of the duty to account; equitable disgorgement and forfeiture; and breach of contract. Watkins sought attorney's fees for defending against the TTLA theft claims. *See id*. § 134.005(b) (providing for recovery of attorney's fees).

Anthony died in 2017, at which point the case was transferred to the probate court, and Christopher, the executor of Anthony's estate, was substituted for Anthony. Watkins filed additional claims—including for breach of contract and equitable restitution or unjust enrichment—against the Executor, TVD, and AAHP, later nonsuiting his claims against the Executor. In 2019, the probate court granted summary judgment in Watkins's favor on all the Executor's claims and about a month later signed the Final Order, stating in part:

1. [Watkins], having nonsuited (without prejudice) all of his prior causes of action against Christopher F. Bertucci, individually and as Executor, and the Court having confirmed such dismissal (without prejudice) by Order dated October 31, 2018, the Court hereby severs and transfers back to the Travis County District Court for further disposition, all of Watkins' Claims that remain pending, including Watkins' Claim for reasonable and necessary attorney's fees, expenses, and costs in defending against the Executor's Claim asserted pursuant to Tex. Civ. Prac. & Rem. Code § 134.005(b) and any valid defenses or offsets thereto.

. . . .

3. The Court, having overruled the Executor's Claims against Watkins, . . . retains jurisdiction in this cause over such claims to render a final appealable judgment as to same. . . .

4. Subject only to consummation of the transfer ordered as provided above, all prior orders granting Watkins relief or denying the Executor's relief . . . are now considered final and appealable. This Order therefore disposes of all

3

issues retained by this Court as between the parties, and is a final judgment as to the Executor's Claims.

The Executor appealed the granting of summary judgment, and Watkins cross-appealed the severance and transfer of his claim for TTLA attorney's fees.

In January 2022, a panel of this Court held that the severance of Watkins's claim for attorney's fees was improper because the claim would not be "the proper subject of an independently asserted lawsuit." *Bertucci*, 2022 WL 261563, at *2 (quoting *State v. Morello*, 547 S.W.3d 881, 888-89 (Tex. 2018) (severance proper when controversy involves multiple causes of action, severed claim could be proper subject of independently asserted lawsuit, and severed claim is not so interwoven with remaining action that they involve same facts and issues)); *see also Huff v. Fidelity Union Life Ins. Co.*, 312 S.W.2d 493, 501 (Tex. 1958) (claim for statutory attorney's fees is dependent on recovery on merits and cannot be maintained as separate trial-court action).

Bound by our precedent in *Dalisa*, the panel, with Justice Triana dissenting, held that the improper severance "affect[ed] appellate jurisdiction," vacated the severance order "to the extent that it severed the TTLA attorney fee claim," and dismissed the appeal for lack of jurisdiction. *Bertucci*, 2022 WL 261563, at *3-4. The parties then filed a Joint Motion for En Banc Reconsideration, asking this Court to overrule *Dalisa*, noting the Texas Supreme Court's recent holding in *In re Elizondo*, 544 S.W.3d 824 (Tex. 2018) (orig. proceeding).[1] The parties

---

[1] In *In re Elizondo*, the trial court signed a one-page order that was supposed to address only one issue but included "a finality phrase that stated: 'This judgment is final, disposes of all claims and all parties, and is appealable. All relief not granted herein is denied.'" 544 S.W.3d 824, 825 (Tex. 2018). When Elizondo noticed the finality language well beyond thirty days after the order was signed, he asked the trial court to sign an amended order omitting the finality phrase, and the court did so. *Id*. The defendants then sought mandamus relief, a divided court of

informed this Court that, in an attempt to remedy possible jurisdictional problems in this case, they have resolved their remaining disputes through a stipulation "as to the amount of fees each side will receive from the other, and the mechanism by which they will automatically be determined."[2]  This stipulation was not before the trial court when it rendered judgment and issued related orders sought to be reviewed here and is therefore not in the trial-court record presented for our review.  The stipulation does not, on its own, resolve the jurisdictional problem presented in this appeal.

## DISCUSSION

The members of this Court unanimously agree that the *Dalisa* opinion was wrongly decided insofar as it holds that a reviewing court must dismiss an appeal when it determines that a severance rendering an interlocutory order final and appealable was improper. In *Dalisa*, the majority of the panel, after determining that the trial court had abused its discretion by severing Bradford's claim for declaratory relief from his claim for attorney's fees under the Uniform Declaratory Judgments Act and from Dalisa's counterclaims, which were "interwoven to an extent that they involve the same facts and issues," vacated the severance and then, "[f]or

---

appeals granted relief, and the Texas Supreme Court agreed, holding that although the order "left lots of relief not granted—namely, all other relief Elizondo sought against the Builders," the inclusion of the finality phrase made the order "final—'erroneous, but final.'"  *Id*. at 825, 829. Elizondo, who had "had thirty days to examine the one-page order and notice that it included a finality phrase," "should have treated" the order as final, and the court concluded "that the original order's finality phrase was clear, unequivocal, and neither ambiguous nor absurd," and that the amended order was void.  *Id*. at 827, 829.

[2]  Although the parties assert that the stipulation removes jurisdictional impediments, Watkins has not to our knowledge nonsuited or obtained final resolution on the merits of the attorney's fees claim, so at least one part of a cause of action that is on appeal here remains pending at the trial-court level.

want of an appealable judgment," dismissed Dalisa's appeal from the summary judgment in Bradford's favor. 81 S.W.3d at 881-82.

However, the supreme court has been clear in its instruction that an order that renders a judgment final and appealable, albeit improperly, bestows jurisdiction on the courts of appeals to consider the propriety of the trial court's action. *See Elizondo*, 544 S.W.3d at 829 ("When a trial court issues an order or judgment without a conventional trial on the merits, *Lehmann* remains the rule for identifying whether the order or judgment is final. It is a rigid rule, but that is why it is useful."); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) (if order's language is clear and unequivocal, "it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final;" "express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication," and such orders "must be appealed and reversed"); *Pierce v. Reynolds*, 329 S.W.2d 76, 78 (Tex. 1959) ("No matter how erroneous its conclusion and action may have been, it was within the judicial power of the court to determine that the cause was severable and to sever the same accordingly. The order of severance is subject to being set aside on appeal, but until this is done it effectively separates the controversy into two causes."). As explained by the Thirteenth Court of Appeals, "an improper severance does not rob this court of jurisdiction to consider a case; otherwise we could not consider whether the severance itself was in fact improper. . . . Accordingly, if the severance constitutes reversible error, we should reverse and remand, not dismiss for want of jurisdiction." *Nicor Expl. Co. v. Florida Gas Transmission Co.*, 911 S.W.2d 479, 482 (Tex. App.—Corpus Christi-Edinburg 1995, writ denied).

6

The *Dalisa* court erroneously vacated the severance order and dismissed the appeal—after having exercised appellate jurisdiction to review the propriety of the severance order. 81 S.W.3d at 882. Given the supreme court's reiterated guidance that an order can be made final and appealable through an error, this Court sitting en banc overrules *Dalisa* insofar as it holds that a finding of an improper severance divests this Court of jurisdiction over the appeal such that the proper procedure is to vacate the severance and dismiss the appeal for want of jurisdiction. The members of this Court diverge on the Court's next steps with this appeal.

Many courts of appeals have held that, after determining an order was wrongly rendered final by an improper severance, the underlying judgment or order is interlocutory and, thus, that the appellate court lacks jurisdiction to reach the issues challenged in the interlocutory order or judgment. *See, e.g.*, *Alanis v. Wells Fargo Bank Nat'l Ass'n*, No. 04-16-00121-CV, 2016 WL 7234047, at *2 (Tex. App.—San Antonio Dec. 14, 2016, no pet.) (mem. op.) ("Having determined the severance was improper, we do not reach Alanis's remaining issues."); *Lousteau v. Noriega*, No. 01-15-00254-CV, 2016 WL 4537371, at *6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, pet. denied) (mem. op.) ("Having concluded that the trial court erred in entering its severance order, we further conclude that the underlying judgment is interlocutory and, thus, we lack jurisdiction to reach Lousteau and Clanton's first, second, third, and fourth issues . . . ."); *Ozcelebi v. Chowdary*, No. 13-13-00659-CV, 2015 WL 6119495, at *5 (Tex. App.—Corpus Christi-Edinburg Oct. 15, 2015, no pet.) (mem. op.) (same); *Tilger v. Samson Homes, Inc.*, No. 14-97-0361-CV, 1999 WL 160995, at *2 (Tex. App.—Houston [14th Dist.] Mar. 25, 1999, pet. denied) (not designated for publication) (same); *Nicor Expl.*, 911 S.W.2d at 483 (same); *see*

7

*also In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d 646, 649 (Tex. App.—El Paso 1999, orig.

proceeding) (similar).[3]

Justice Triana, with Justice Kelly joining, would proceed immediately to consider

the merits of the Executor's arguments, which is what the parties ask this Court to do.  Because

the severance was improper, however, we conclude along with the cases just discussed that the

summary judgment is not final.[4]

In the unusual context of this case, though, we opt against reversing the entire

judgment immediately and follow a path that offers more efficiency for the parties and the court

system.  The unanimous court agrees that the trial court erred by severing the attorney's fees

---

[3] *But see Bird v. Lubricants, USA, LP*, No. 2-06-061-CV, 2007 WL 2460352, at *3 (Tex. App.—Fort Worth Aug. 31, 2007, pet. denied) (mem. op.) (defendants did not perfect appeal and thus could not challenge propriety of severance order; however, "even assuming, for argument's sake, that the severance order was improper, the alleged error does not deprive us of jurisdiction over the appeal"); *Rucker v. Bank One Tex., N.A.*, 36 S.W.3d 649, 652 (Tex. App.—Waco 2000, pet. denied) (noting that "courts of appeals are divided on the proper disposition of an appeal from a case in which a severance was improperly granted"; stating that because judgment was final, court had "the duty to review all aspects of a final judgment"; and holding that "improper severance is trial court error, and our determination of error does not prevent us from considering the remaining issues on appeal").

[4] In *Pierce v. Reynolds*, the Texas Supreme Court discussed "whether a court has the power to sever one entire cause of action into two or more parts and render a separate final judgment disposing of each part," even if improperly, before going on to consider the merits of the appeal.  329 S.W.2d 76, 78 (Tex. 1959).  In its discussion, the supreme court stated that the appealability of a judgment cannot depend upon whether the action is severable because such a rule would lead to confusion and uncertainty.  *Id*.  Because the trial court had jurisdiction over the parties and the controversy and its order "[did] not violate any prohibition or mandatory provision," the supreme court explained, the severance was within its "judicial power" although erroneous.  *Id*.  However, because the defendant "did not object to the severance, and is therefore not in position to complain of a mere error in granting the same," the supreme court did not consider the propriety of the severance and instead proceeded to the merits of the appeal.  *Id*.

But in *Morello v. State*, the Texas Supreme Court held that a party may challenge an improper severance on appeal even when no party had objected at trial because "challenges to lack of subject matter jurisdiction may be raised for the first time on appeal." *State v. Morello*, 547 S.W.3d 881, 888–89 (Tex. 2018).

claim, which is not a standalone claim for relief. *See Huff*, 312 S.W.2d at 501. There is no dispute presented or apparent regarding the probate court's jurisdiction to have issued the severance order; its improper severance order is merely erroneous or voidable, not void, and is correctable through the ordinary appellate processes or other proper proceedings. *See Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (citing *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990)). The rules of procedure prohibit us from affirming, reversing, or dismissing an appeal if the trial court's erroneous action or failure to act prevents the proper presentation of the case to us and if the trial court can correct its action or failure to act. Tex. R. App. P. 44.4(a). If such remediable error exists, we "must direct the trial court to correct the error" and "then proceed as if the erroneous action or failure to act had not occurred." *Id.* R. 44.4(b). Rule 27.2 provides that "[t]he appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2.

The Texas Supreme Court invoked Rule 27.2 in *McNally v. Guevara*, a case in which the trial court's summary judgment did not address a party's claim for attorney's fees. 52 S.W.3d 195, 195-96 (Tex. 2001). A divided panel of this Court had held that the judgment was final because the defendants had abandoned their claim by failing to include it in their summary-judgment motion and because the trial court's award of costs indicated finality and, implicitly, denial of the attorney's fees claim. *McNally v. Guevara*, 989 S.W.2d 380, 382 (Tex. App.—Austin 1999), *rev'd*, 52 S.W.3d at 195-96. This Court then affirmed the summary judgment. *Id.* at 383. The Texas Supreme Court reversed, holding that the omission of the attorney's fees claim from the motion did not waive the claim because the party might have moved for partial summary judgment and that the award of costs did not, alone, make the judgment final.

9

*McNally*, 52 S.W.3d at 196.  The supreme court concluded that the judgment was not final or appealable, reversed this Court's judgment, and remanded to this Court "to determine whether to abate the appeal to permit the trial court to render a final judgment, Tex. R. App. P. 27.2, or to dismiss the appeal for want of jurisdiction." *Id.*[5]

Although we and other courts of appeals have held that a Rule 27.2 abatement is not available when an unadjudicated claim for attorney's fees is contested and its resolution might involve an evidentiary proceeding and other rulings,[6] the parties in this case assert they have reached "a stipulated resolution of the attorney's fees issue."  That stipulation will make the trial court's rendition of judgment on the attorney's fees claim ministerial or perfunctory and suitable for resolution on abatement of this appeal to make the judgment final and to award attorney's fees as required under Texas Civil Practice and Remedies Code Section 134.005(b).

Under these unusual circumstances, rather than either (1) reversing and remanding the entire case for resolution of the attorney's fees issue, which would require the parties to file new notices of appeal and briefing if they remain dissatisfied with any of the probate court's rulings, or (2) considering summary-judgment merits issues on appeal without jurisdiction over the appeal and knowing that we must reverse for rendition of judgment on attorney's fees regardless of our disposition of the merits issues, we sua sponte abate the appeal for thirty days to allow the parties to obtain from the probate court an appealable order or

---

[5]  On remand, this Court dismissed the appeal on appellant's motion.  *McNally v. Guevara*, No. 03-97-00380-CV, 2001 WL 1548740, at *1 (Tex. App.—Austin Dec. 6, 2001, no pet.) (mem. op.).

[6]  *See, e.g.*, *Hammer v. Morgan*, No. 03-21-00149-CV, 2021 WL 4483505, at *2 (Tex. App.—Austin Oct. 1, 2021, no pet.) (mem. op.); *Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 787 (Tex. App.—Amarillo 2016, no pet.); *Parks v. DeWitt Cnty. Elec. Co-op, Inc.*, 112 S.W.3d 157, 163-64 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.).

10

judgment.  Once that occurs, the appeal may be reinstated for our consideration of the parties' briefing on the merits.

**CONCLUSION**

This Court sitting en banc overrules *Dalisa* insofar as it holds that when a reviewing court determines that a severance rendering an interlocutory order final and appealable was improper, the reviewing court must vacate the severance, determine that it has lost jurisdiction over the appeal, and dismiss the appeal for want of jurisdiction.  We hold that the severance of the attorney's fees issue was improper.

We abate the appeal for thirty days.  The parties are directed to file a status report or a motion to reinstate on or before thirty days from the date of this order; the parties may file a motion requesting more time if needed to obtain an appealable order or judgment.  If an appealable order or judgment including resolution of the attorney's fees issue is filed in a supplemental clerk's record, upon a motion for reinstatement, the case will be reinstated for consideration of the merits as briefed by the parties.  If no appealable order or judgment is filed, a majority of the en banc Court will reverse and remand the case to the probate court.

Ordered on August 12, 2022.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Goodwin, Baker, Triana, Kelly, and Smith
Concurring and Dissenting Opinion by Justice Triana; Joined by Justice Kelly

11