**Opinion issued April 24, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00540-CV

———————————

**MOSAIC BAYBROOK ONE, L.P., MOSAIC BAYBROOK TWO, L.P.,
AND MOSAIC RESIDENTIAL, INC., Appellants**

**V.**

**PAUL SIMIEN, FOR HIMSELF AND
ALL OTHERS SIMILARLY SITUATED, Appellees**

---

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Case No. 2017-08379**

---

## MEMORANDUM OPINION

Appellants filed two related interlocutory appeals arising from the same alleged denial of appellants' motion to dismiss under the Texas Citizens Participation Act. Appellants filed this appeal (Case No. 01-24-00540-CV) in the

original trial court cause number; they filed the related appeal (pending in our Court under Case No. 01-24-00605-CV) in a separate, severed case.

Appellees filed a motion to dismiss this appeal for lack of jurisdiction, asserting that there is no denial to appeal in the original case because any alleged denial of the TCPA motion occurred in the severed case. We agree. We grant the motion and dismiss the appeal.

## Background

The underlying case—trial court cause no. 2017-08379 (the "Main Case")—is a class action suit filed against appellants. *See Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234 (Tex. 2023). Appellees filed a motion to show cause, alleging refusal to comply with orders related to class notice. Appellants responded with a TCPA motion to dismiss the show-cause motion. To avoid interference with the Main Case, the trial court severed the show-cause proceeding into a new case with a new 2017-08379-A cause number (the "Severed Case").

On July 18, 2024, after the trial court severed the case, appellants filed a notice of appeal in the Main Case alleging that the TCPA motion had been denied by operation of law on July 17, 2024. The notice of appeal filed in the Main Case commenced this appeal. On July 23, 2024, appellants filed a notice of appeal in the Severed Case challenging the same alleged denial of the TCPA motion by operation

2

of law. The notice of appeal filed in the Severed Case commenced the appeal pending under Case No. 01-24-00605-CV.

**Discussion**

Because appellants have filed two pending appeals regarding the same alleged denial of their TCPA motion to dismiss, we must determine which appeal is properly before our Court. Appellees filed a motion to dismiss this appeal, asserting that there is no appealable order in the Main Case because the alleged denial of the TCPA motion is in the Severed Case, not this one. We agree.

"A severance splits a single suit into two or more independent actions . . . ." *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex. 1985); *see also Kennard Law, P.C. v. Patton*, No. 01-20-00560-CV, 2022 WL 479910, at *2 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) ("[W]hen a suit is severed, two or more independent lawsuits result, each with their own final appealable judgments."). The "severed action becomes a different action." *In re E.I. du Pont de Nemours & Co.*, 92 S.W.3d 517, 523 (Tex. 2002).

Here, the the trial court severed the subject matter of the TCPA motion to dismiss—along with the TCPA motion itself—into the separate Severed Case on July 16, 2024. To the extent the TCPA motion was denied by operation of law on July 17, 2024, the denial occurred in the Severed Case. After the severance, the TCPA motion "was no longer in the original trial court cause number," but "instead

3

moved to the severed trial court cause number." *Chord Energy Corp. v. Absolute Oil + Gas, LLC*, No. 01-24-00117-CV, 2024 WL 3503081, at * 1 (Tex. App.—Houston [1st Dist.] July 23, 2024, no pet.); *see Motor Coach Indus., Inc. v. Hinton*, No. 10-05-00286-CV, 2005 WL 2234044, at *1 (Tex. App.—Waco Sept. 14, 2005, pet. denied) ("After the severance, the order granting the special appearance [was] no longer in the original cause."). The purported denial of the TCPA motion is the only order appellants challenge here on appeal.

Because appellants do not appeal an order "remaining in the original trial court cause number," our Court "lack[s] jurisdiction over an appeal from the original trial court cause number." *Chord Energy Corp.,* 2024 WL 3503081, at *1-2.

In response to the motion to dismiss, appellants argue that the trial court's severance of the case was improper. This response, however, fails to demonstrate a basis for jurisdiction in this appeal (as opposed to in the other pending appeal). Rather than demonstrating that there is an appealable order in this case, appellants challenge the trial court's severance order itself. But Texas law does not authorize an interlocutory appeal from a severance order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a) (listing types of interlocutory orders for which appeal is authorized). Moreover, both our Court and the Texas Supreme Court have denied appellants' mandamus petitions challenging the severance order. *See In re Mosaic Baybrook One, L.P.*, No. 01-24-00598-CV, 2024 WL 3835484, at *1 (Tex. App.—Houston

4

[1st Dist.] Aug. 15, 2024, orig. proceeding [mand. denied]). Finally, appellants' argument disregards authority holding that that even if a severance order is "erroneous," that order still "effectively separates the controversy into two causes." *Sealy Emergency Room, LLC v. Free Standing Emergency Room Managers of Am., LLC*, 685 S.W.3d 816, 823 (Tex. 2024) (quoting *Pierce v. Reynolds*, 329 S.W.2d 76, 78 (Tex. 1959)).

We lack jurisdiction to consider the purported denial of appellants' TCPA motion by operation of law in this appeal because any denial occurred in a separate trial court case for which a separate appeal is pending in our Court.

## Conclusion

We grant appellees' motion and dismiss this appeal for lack of jurisdiction. Any other pending motion are dismissed as moot.

## PER CURIAM

Panel consists of Justices Guerra, Caughey, and Morgan.